## Fidelity Trust Co., Guardian, v. Welch

*Edward F. Kelly* and *Brennan & Brennan*, for complainant.

*Francis S. McMichael*, for respondent.

ELLENBOGEN, J., September 12, 1947.—The pleadings in this case consist of a bill of complaint and an answer. Both preliminary and final hearings were held.

### Findings of fact

1. Plaintiff, Fidelity Trust Company of Pittsburgh, on May 2, 1944, at Orphans' Court of Allegheny County, at no. 2868 of 1944, was duly appointed guardian of the estate of Frank F. Donnelly, a minor, sometimes known as Frank T. Donnelly.

2. All defendants are residents of Allegheny County, Pa.

3. As of May 4, 1942, James M. Welch, one of defendants, and Harry H. Donnelly, now deceased, entered into partnership agreement to conduct a business of sales representative for manufacturers of machine tools to be operated under the fictitious name, Frank T. Donnelly Company, with offices at 904 Century Building, Pittsburgh, Pa.

4. Said partnership was a sales representative for the following companies, to wit: Logansport Machine Company, Logansport, Ind.; Illinois Tool Works, Inc., Chicago, Ill.; Rickert-Shafer Company, Erie, Pa., and Titan Tool Works, Erie, Pa.

5. Paragraph 4 of the partnership agreement provides "that all questions and problems of a technical, mechanical or engineering nature shall be resolved by James M. Welch alone, whether the same shall arise in respect to transactions with customers of the partnership or with companies or concerns represented by the partnership" (Exhibit 7), and the agreement between the partnership and Illinois Tool Works, Inc., was based on the understanding that so far as its products were concerned the representation was to be as though James M. Welch was the sales representative for it rather than the partnership.

6. During the four years and five months the partnership operated, James M. Welch devoted his entire

time to the affairs of the partnership; Harry H. Donnelly was ill with tuberculosis and his only activity was to sign the checks once each week.

7. The partnership agreement contained the following provisions:

"Sixth: The partnership hereby created shall be dissolved upon the mutual agreement of the partners or upon the death of either one of them. If the partners shall agree to dissolve the partnership, then the liquidation of the company business shall be conducted by the partners jointly. If the partnership shall be dissolved by the death of a partner, then the survivor shall have a period of six months from the decedent's death within which to liquidate the company business, which shall include all business done during the period of liquidation, without any interference whatsoever by the personal representative of the decedent's estate. However, each partner shall have the right to nominate and appoint a successor to his share and/or his place as partner in the company business and this replacement or substitution shall be rendered effective by the surviving partner just as soon as practicable following the decedent's death. Each partner covenants and agrees on behalf of himself, his heirs, executors, administrators and assigns to accept the nominee of the deceased partner hereunder as a substituted partner and to enter into new partnership articles of agreement with such nominee just as soon as it shall be practicable to do so.

"The names 'Frank T. Donnelly', 'Frank T. Donnelly Company' or any variation thereof shall pass and belong to any individual, corporation, partnership or association which properly succeeds thereto in accordance herewith or any amendments hereto and if a surviving partner hereunder shall refuse to accept and coöperate with a decedent's nominee then said nominee shall have the sole right to the use of the aforesaid name or names or any variation thereof."

8. Harry H. Donnelly died October 6, 1946, and his last will and testament, dated September 30, 1946, and probated in the Register of Wills Office, Allegheny County, on October 17, 1946, at no. 5407 of 1946, contained the following provisions:

"Second: All my right, title, interest and estate in and to the partnership business known as 'Frank T. Donnelly Company', I give and bequeath to my brother, Frank T. Donnelly, absolutely. Immediately upon my decease my said brother shall become entitled to my full interest in said business, whatever the same shall be at that time and, in accordance with the partnership articles entered into by James M. Welch and me under date of June 1942, but actually effective as of May 4, 1942, he, my said brother shall become a partner with the said James M. Welch. In the event that my death occur during the minority of my said brother, whose birthday is June 1st, and who will attain his majority on June 1, 1947, then Fidelity Trust Company of Pittsburgh, legally appointed guardian of the estate of the said Frank T. Donnelly, shall well and truly manage and administer his interest in the aforesaid partnership business. The said guardian shall have full power and right to charge my residuary estate with such credit or amounts of money as it shall deem necessary in properly managing and protecting the partnership interest of my said brother and to that end my Executrix, hereinafter named shall be bound and obliged to meet, honor and accept any demand for credit or money that the said guardian shall make and direct her so to do upon my residuary estate. In any event, however, any credit or money advanced as aforesaid from my residuary estate shall be charged against my said brother's partnership interest upon the ultimate accounting and distribution of my estate."

9. On October 6, 1946, the date of death of Harry H. Donnelly, Frank T. Donnelly (also known as Frank F. Donnelly) was a minor.

10. The contracts of sales representation between the partnership, Frank T. Donnelly Company, and the principals, except Titan Tool Works, could be terminated by either party thereto without cause upon 30 days' notice.

11. That the various manufacturers exercised their rights and terminated the sales representation contracts between them and Frank T. Donnelly Company, on the following dates, to wit:

|  | Terminated | Effective |
|---|---|---|
| Logansport Machine Co. | Oct. 21, 1946 | Oct. 21, 1946 |
| Illinois Tool Works, Inc. | Oct. 25, 1946 | Nov. 1, 1946 |
| Rickert-Shafer Co. | Nov. 15, 1946 | Dec. 15, 1946 |

12. On October 26, 1946, James M. Welch declared the partnership dissolved and advised plaintiff that he would not enter into a partnership with Frank F. Donnelly and/or Fidelity Trust Company, guardian of the estate of Frank F. Donnelly.

13. On or about October 21, 1946, James M. Welch and James J. Welch, another defendant, formed Welch Equipment Company, a partnership, and thereafter were granted sales representation contracts by the following manufacturers, to wit: Logansport Machine Co., Inc., Illinois Tool Works, Rickert-Shafer Company and Titan Tool Works, and further, said Welch Equipment Company conducted a business similar to that previously conducted by Frank T. Donnelly Company except for a reduction in the territory served and a change from a del credere agency to an ordinary agency where the accounts were collected by the various principals.

14. James M. Welch proceeded to liquidate the assets of the partnership of Frank T. Donnelly Company.

15. From November 1, 1946, to July 1, 1947, Welch Equipment Company operated its business from the office of Frank T. Donnelly Company at 904 Century Building, Pittsburgh, Pa.

16. On or about November 15, 1946, James M. Welch notified the customers of Frank T. Donnelly Company

that Frank T. Donnelly Company was in liquidation, and several days later he notified them of the existence and operation of the Welch Equipment Company.

## Discussion

The decisive question is whether defendant, James M. Welch, had the right to refuse to continue the partnership with Frank F. Donnelly, a minor, the nominee of Harry H. Donnelly, the deceased partner. We have no difficulty in holding that he did.

It is clear to us that no person can be compelled to enter into a continuing business relationship, such as a partnership, with a minor who, under the laws of this State, is unable to enter into contracts, nor can a person be compelled to enter into a partnership agreement with the trust company which is the guardian of that minor.

While it has been held that a minor may, if he chooses, become a partner: Elm City Lumber Co. v. Haupt, 50 Pa. Superior Ct. 489; Powell v. North et al., 3 Ind. 392; it is obvious that a minor could not effectively make the day-to-day business decisions which are required in the conduct of business, nor could he increase the capital invested in the partnership. Upon reaching his majority, he would have the legal right to disaffirm decisions and agreements which he made with his partner during infancy. The fact that this minor had a guardian trust company does not change the situation, because a guardian is circumscribed by law in the manner in which it must handle the assets of the minor estate. Nor is it reasonable to expect a businessman to negotiate the day-to-day decisions required in a partnership with a trust company which is acting as a guardian. Trust companies and guardians are carefully circumscribed in their actions. Furthermore, they cannot act in many matters until approval of court is secured, which would hinder and delay the conduct of the business.

The cases cited by plaintiff do not establish the proposition that a person can be compelled to enter into a partnership agreement with a minor or his trust company guardian.

We are also of the opinion that the partnership agreement entered into between James M. Welch and Harry H. Donnelly did not intend to confer upon either partner the right to appoint a legally incompetent person, such as a minor, as his successor in the partnership. That agreement must be construed as contemplating the appointment of a person legally capable of transacting business.

Furthermore, the partnership agreement obligates each partner to "accept the nominee of the deceased partner hereunder, as a substituted partner and to enter into *new* partnership articles of agreement with such nominee just as soon as it shall be practicable to do so". (Italics supplied.) The agreement does not state that the new partnership articles of agreement shall be identical with the old ones; it is silent on the terms of the new agreement.

Paragraphs in the old partnership agreement such as the one that, "all questions and problems of a technical, mechanical or engineering nature shall be resolved by James M. Welch", show that it was not intended that the new agreement be identical with the old one. Obviously, if James M. Welch would have died, his nominee might be incompetent to solve engineering problems.

Since the agreement between Welch and his deceased partner did not specify the terms of the partnership agreement to be entered into with the nominee of the deceased partner, it is unenforcible for lack of certainty.

This view of the law makes it unnecessary to deal with most of the questions raised by plaintiff. It is true that James M. Welch made no attempt to secure the continuance of the sales representation agreements

with Logansport Machine Co., and the other firms, and contributed by his own actions to their early cancellation, but the evidence also indicates that these companies were unwilling to do business with a partnership which included a minor as partner.

Article 6 of the old partnership agreement provides as follows:

"If the partnership shall be dissolved by the death of a partner, then the survivor shall have a period of *six months* from the decedent's death within which to liquidate the company business, *which shall* include all business done during the period of liquidation. . . ."

Under this provision, the profit from all business, including that done by Welch Equipment Company with the customers of the old partnership, during the first six months of the liquidation, must go equally to James M. Welch and to Frank F. Donnelly, the nominee of the deceased partner.

Counsel for defendant is directed to submit an appropriate decree nisi for approval by the court.

### Conclusions of law

1. The partnership of Frank T. Donnelly Company was dissolved by the death of Harry H. Donnelly on October 6, 1946.

2. James M. Welch was not obligated to accept Frank F. Donnelly, a minor, or his guardian, the Fidelity Trust Company, as a new partner, and to enter into new agreements of partnership with him or it.

3. Because of the mixing of personnel and assets by James M. Welch as liquidator of the Frank T. Donnelly Company, a partnership, and as the main partner in the new partnership of Welch Equipment Company, M. Sanders was properly appointed liquidating trustee of the Frank T. Donnelly Co., a partnership, and as conservator and trustee of the Welch Equipment Company, a partnership.

4. That M. Sanders, liquidating trustee of Frank T. Donnelly Company, a copartnership, liquidate the assets and wind up the business of the partnership at the earliest possible date, and file his account as liquidating trustee.

5. That said M. Sanders, conservator and trustee of the Welch Equipment Company file his account as such trustee at the earliest possible date.