May Term,
1852.

POWELL
v.
NORTH.

---

POWELL, Administrator, *v.* NORTH and Others.

A partnership may, after the death of a partner, be continued by a Court of Equity on behalf of the infant children of the deceased partner, if the surviving partners consent.

The Probate Courts of this state possess general equity powers in relation to the administration and guardianship of estates.

An order of the Probate Court to a guardian to invest money of his wards, without defining the amount, in the completion of an unfinished distillery, according to their interests therein, was held to justify a reasonably prudent expenditure for the purpose.

The money of the wards being in the hands of their father's administrator, the latter, under the direction of the guardian, made expenditures of the money in the completion of the distillery. *Held*, that the administrator was entitled to a credit, upon settlement of the estate, so far as his expenditures were made with reasonable care and judgment.

*Monday,*
*May 31.*

ERROR to the *Ohio* Probate Court.

PERKINS, J.—Bill on the chancery side of the *Ohio* Probate Court by *William H. Powell*, administrator upon the estate of *Levi North*, deceased, against *Joseph T. North et al.*, complaining, that on the 10th day of *May*, 1845, said *Powell*, and said *North*, deceased, were partners in milling and merchandising, said *Powell* owning one-third, and said *North* two-thirds, of the real and personal property invested, and sharing in said proportions in the profits of the concern; and that, on the day aforesaid, said *Levi North* sold—the plaintiff, *Powell*, it seems, consenting—to one *Thomas J. North*, one-half of his two-

thirds of said entire property, whereby the firm was made to consist of the plaintiff, *Powell, Levi North,* and *Thomas J. North,* each owning one-third of the joint property; that said firm, thus constituted, agreed to erect a distillery, commenced it, and expended 2,400 dollars, being 800 dollars by each member, when, the distillery being unfinished, in *August,* 1845, said *Levi North* departed this life, and the plaintiff, *Powell,* was appointed his administrator, and ordered by the *Ohio* Probate Court to expend, as such, for said *Levi's* estate, the further sum of 533 dollars on said distillery, which was done; that said *Levi North* left heirs, some adult and some infant; that, in *November,* 1845, *James* and *Abijah North,* the guardians of the infant heirs, filed in the *Ohio* Probate Court a petition representing that said *Levi,* living, was one of the firm of *North, Powell, & Co.,* which firm undertook to build and put in operation a distillery and join the same to the steam-mill owned by said company; that, in pursuance of said undertaking, said *Levi* spent, as his proportion, 800 dollars, and died, leaving said distillery unfinished; that, since his death, the surviving partners had expended about 1,200 dollars more, nearly completing the building, and that, unless said heirs finished and owned their third of said establishment, it would be difficult for the petitioners and said *Powell* and *Thomas J. North* to keep correct books between them, as all the grain consumed by said distillery would be ground by said mill; and further stating that the 800 dollars expended in said *Levi's* lifetime would be lost to said heirs unless they completed their portion of said undertaking, as no person would purchase their interest in the distillery separate from their interest in the steam-mill, and that said distillery, situated as it was, connected with a steam-mill that consumed annually about 100,000 bushels of grain, with a full supply of water to run both, without hauling, the year round, would be profitable to the heirs. An order was prayed to expend a sufficient sum to complete the heirs' part of said distillery, together with all other ne-

cessary buildings and appendages; and it was averred that there was a sufficiency of personal effects for that purpose. The Court made the order accordingly, without limiting the amount to be expended. The distillery was thereupon completed with necessary additional buildings and appendages—so the present bill states—the whole costing about 10,000 dollars, the administrator, *Powell*, making the expenditures on behalf of the heirs, out of money in his hands, with the assent and under the order of said guardians and adult heirs, to the amount of 2,533 dollars. The bill further states that said Probate Court authorized the continuance of the business of the firm, the share of the heirs remaining invested, and that it was continued till the 17th of *September*, 1846, but resulted in a loss, all of which was borne by the plaintiff personally; that, at the death of *Levi North*, a true account of the personal property of said firm was taken, amounting to 1,479 dollars and 51 cents, one-third of which, being 493 dollars and 17 cents, belonging to said heirs of *North*, and at the final closing of said partnership business in *September*, 1846, the personal property of said firm was sold for 4,286 dollars and 91 cents, one-third of which was secured to said heirs, &c.; that, after the winding up of the concern in *September*, 1846, partition was made of the real estate as improved by the expenditure of the money hereinbefore mentioned, said heirs receiving one-third of the property. The plaintiff further alleges that he had been cited to make settlement, as administrator, in said *Ohio* Probate Court; that he had received for the estate of the deceased *North*, 5,077 dollars and 21 cents, and paid out for debts, 1,441 dollars and 34 cents, and the two items of 533 dollars and 2,533 dollars on said distillery, &c.; and had distributed 948 dollars and 86 cents among the heirs. Prayer, that the plaintiff might be credited with said sums in his settlement.

A guardian *ad litem* was appointed for the infants. A part of the defendants made default and a part demurred to the bill. The Court sustained the demurrer, but pro-

ceeded to decree against the administrator that he should pay over the item of 2,533 dollars, alleged to have been expended on the distillery.

This proceeding seems to have been treated by the Probate Court as a mixed one, partaking of the character of a bill in chancery and an answer to a citation for a settlement. Whether evidence was produced or not does not appear; but the Court seems to have decided on the demurrer to the bill, that the administrator could not be credited, in his settlement, with said item of 2,533 dollars expended in and about the distillery; and it is manifest from the arguments of counsel that the point of controversy in the cause was upon the right of the administrator to such a credit. That point, therefore, we shall decide, upon the supposition that said sum was so expended.

Death, as a general rule, dissolves a partnership; but a Court of Equity has power to authorize its continuance on behalf of infants. *Thompson* v. *Brown*, 4 John. Ch. R. 619. Our Probate Courts possess general equity powers in relation to the administration and guardianship of estates. It was within the power of the *Ohio* Probate Court, therefore, to permit, as it is alleged in this case that it did, a continuance of the partnership, and to order the completion of the distillery, &c. That order was a protection to the party in a reasonably prudent expenditure of the requisite sum for that purpose. The order in question was to the guardians of the infants; but the money to be expended was in the hands of the administrator, *Powell;* and, had the guardians required and received it from him, he would have been entitled to a receipt from them which would have been a voucher in his settlement. Instead of calling upon him for the money, they, in connection with the adult heirs, who were competent to consent to the continuance of the partnership and the expenditure of the money in their own behalf, directed said administrator to expend the same, and so far as he did it with reasonable care and judgment, it seems to us, he should receive a credit in his settlement. If the money

was not, in fact, laid out by him, of course, he should not receive a credit for it. The evidence at the hearing should settle this point. The Court should have taken an account in the case as to the amount and manner of expenditure and settled with the administrator accordingly.

*Per Curiam.*—The decree is reversed, with costs. Cause remanded, &c.

*A. C. Downey* and *P. L. Spooner*, for the plaintiff.

*D. Kelso*, for the defendants.