## SELZ, SCHWAB AND COMPANY *v.* GULLION.

### [No. 23,302. Filed April 10, 1918.]

1. APPEAL.—*Verdict.*—*Weight of Evidence.*—The finding of the jury and the ruling of the trial court on the question whether the evidence supports the verdict will not be disturbed where the court on appeal, upon consideration of the evidence most favorable to appellee, finds that there is some evidence to support the verdict. p. 329.

2. APPEAL.—*Matters Reviewable.*—*Assignments of Error.*—Although it would have been error to use the word "may" in an instruction where the use of the word "should" was requested, the refusal of an instruction containing the word "should" was not reversible error, nor sufficient as a basis for argument that another instruction given was erroneous, where the record shows that the refusal of the requested instruction was not assigned as error. p. 331.

3. APPEAL.—*Matters Reviewable.*—*Searching Record.*—The court. on appeal may search the record to affirm a judgment, but not to reverse it. p. 332.

4. TRIAL.—*Instructions.*—*"Satisfactory" Evidence.*—An instruction that, if a witness testified falsely upon a material matter, the jury had the right to disregard the testimony of such witness in other respects unless corroborated by other evidence "satisfactory to you," was not an instruction that the jury "must believe" the corroborative evidence or "find it to be true" before they could consider it in connection with the testimony of the witness they believed to be wilfully swearing falsely. p. 332.

5. EVIDENCE.—*Conclusions.*—There was no error in permitting the plaintiff to testify as to whether or not he received any consideration for the surrender of property to the defendant. p. 334.

From Tipton Circuit Court; *James M. Purvis*, Judge.

·Action by Mark M. Gullion against Selz, Schwab and Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914; Acts 1901 p. 590.) *Affirmed.*

*Gifford & Gifford* and *Mayer, Meyer, Austrian & Platt*, for appellant.

*Ira M. Sharp,* for appellee.

MYERS, J.—Appellee brought this action against appellant for money had and received. Trial was had before a jury, resulting in a verdict and judgment for $573.75 in favor of appellee. Appellant's motion for a new trial was overruled, and this ruling is assigned as error. The only causes in support of this motion covered by appellant's points and authorities are: (1) That the verdict is not supported by sufficient evidence; (2) the court erred in giving instructions Nos. 5, 6 and 10 tendered by the plaintiff, and (3) in the admission of certain evidence over the objection of appellant.

First: Does the evidence support the verdict? Appellant has adroitly argued this question on the theory that all the evidence tends to a verdict in its favor. But when this argument is analyzed, it is found to rest upon the weight of the evidence instead of pointing out an essential issue unsupported by the evidence. The evidence in this case covers 677 pages of the record, and it will answer no good purpose for us to take the space necessary to set out a synopsis of it. Two jury trials of the issues before us resulted in like verdicts, and the ruling of the trial court on the present motion for a new trial was in effect a ruling upon a resubmission of the evidence on the question of evidence to support the verdict. The finding of the jury and ruling of the trial court foreclose this question in so far as this court is concerned, when, upon a consideration of the evidence most favorable to appellee, we can say the verdict in this respect is sustained. After a careful consideration of the evidence before us, eliminating the question of its weight, we must conclude that appellant's insistence cannot be granted. *Portland, etc., Mach. Co.* v. *Gibson* (1915), 184 Ind. 342, 346, 111 N. E. 184; *Southern Product Co.* v. *Franklin Coil Hoop*

*Co.* (1914), 183 Ind. 123, 106 N. E. 872; *Caldwell* v. *Ulsh* (1915), 184 Ind. 725, 112 N. E. 518; *Marietta Glass Mfg. Co.* v. *Pruitt* (1913), 180 Ind. 434, 439, 102 N. E. 369.

Our attention is next called to instruction No. 5, which reads as follows: "If you find from the evidence that any of the witnesses have made statements out of court, or in former trials of this case in other courts at variance with their statements made as witnesses in this case such facts may be considered by you in determining the credibility of such witnesses." Appellant, to maintain its insistence that the use of the word "may" instead of "should" or "must" rendered this instruction erroneous, cites *Southern R. Co.* v. *State* (1905), 165 Ind. 613, 75 N. E. 272; *Fifer* v. *Ritter* (1902), 159 Ind. 8, 64 N. E. 463; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494; *Indianapolis St. R. Co.* v. *Johnson* (1904), 163 Ind. 518, 72 N. E. 571. In the first case the trial court modified an instruction tendered by the complaining party by changing the word "should" to "may" and this court held, owing to the peculiar facts of that case, that the party tendering the instruction was entitled to have it given as tendered, and the court's refusal was error. In the second case it was held that the word "must" was employed in the sense of duty, that it was the duty of the jury to consider certain matters in determining credibility, and the word thus used was not therefore an encroachment upon the jury's province. The third case had to do with the word "should" in a like instruction, which was held to be correct on the theory that it referred to the duty of the jury to consider the interest of the witness, if any, etc., on the question of credibility and weight of his evidence. In the last case it was held that the words "shall" and "should" were covered by the ruling in the case of *Strebin* v. *Lavengood, supra,* and was not an invasion of

the province of the jury. The ruling in *Southern R. Co.* v. *State, supra,* has caused renewed activity in the way of assault upon instructions to the jury employing words other than "should" when referring to its duty to consider certain enumerated particulars in determining the credibility of the witnesses and the weight to be given their testimony. In *Orient Ins. Co.* v. *Kaptur* (1911), 176 Ind. 308, 95 N. E. 230, the trial court struck out the word "should" in a tendered instruction, and substituted the word "may," and, as thus modified, gave it. Held, that as the witness did not testify to any fact controverted by appellant, the instruction, if erroneous, was harmless. In *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177, an instruction was given on the subject of weighing evidence: "You may take into consideration the interest, if any, that any of the witnesses have in the result of this trial," etc. In that case it was vigorously insisted that by the use of the word "may" instead of "should" the court committed reversible error. Held: "It is a sufficient answer to appellant's contention to say that if a party desires a fuller instruction than the one given, it is his duty to make the appropriate request. The charge, as far as it went at least, was correct, and appellants having failed to request any instruction on the subject, cannot be heard to complain."

An examination of the record in this case discloses the fact that appellant did tender and the court refused an instruction to the effect that if the jury believed

2. that any witness had made statements or written representations prior to the trial in conflict with his testimony as to material features of the transactions had between him and appellant, they must take that into consideration in determining what credit should be given his testimony. No point is made on the refusal of the court to give this instruction, and conse-

quently such refusal cannot be successfully used by way of argument as a reason for this court to hold another instruction erroneous, or as a basis upon which to reverse the judgment. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481. This court may search the record to affirm a judgment, but not to reverse it. *Dunham* v. *Jones* (1915), 184 Ind. 46, 51, 110 N. E. 203; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 333, 101 N. E. 1001. It may be the word "should" ought to have been used instead of the word "may," yet from the entire record in this case the error "complained of would not serve to require us to reverse the judgment and send the case back for a new trial." *White* v. *State* (1912), 178 Ind. 317, 319, 99 N. E. 417.

Instruction No. 6 told the jury that if it found from the evidence that any witnesses wilfully testified falsely upon any matter material to the issues, then it had the right to disregard the testimony of such witnesses in other respects, "unless they are corroborated by other evidence *satisfactory* to you." Appellant insists that by the words "satisfactory to you" the jury were, in effect, told that they *must believe* the corroborative evidence, or *find it to be true*, before they could consider it in connection with the testimony of the witness they believed to be wilfully swearing falsely, when the instruction should have stated that such testimony might be disregarded if it was not corroborated by other *credible* evidence.

The instruction in question is not in good form, but we cannot agree to give the word *"satisfactory,"* as therein used, the meaning attributed to it by appellant. Nor was it used as the equivalent to "find" or "believe" as was the word "satisfaction" in an instruction considered in the case of *Terre Haute Traction, etc., Co.* v. *Payne* (1909), 45 Ind. App. 132, 142, 89 N. E. 413, but it was here employed in the sense of "worthy of consid-

eration," "believable" or "credible" and a jury, composed of men of average intelligence, must have so understood it. Appellant cites and relies on the case of *Chicago, etc., R. Co.* v. *Kelly* (1904), 210 Ill. 449, 71 N. E. 355. In that case the court had before it an instruction permitting the jury to disregard the entire testimony of a witness who had wilfully sworn falsely to anything material to the issues in the case, "except in so far as it may have been corroborated by other credible evidence, *which they do believe,* or by facts and circumstances proved on the trial." The error pointed out in the instruction was "that it permits the jury to refuse to consider the testimony of a witness who has wilfully sworn falsely with reference to a material fact, although he is corroborated by other credible evidence, unless the jury believe the other credible evidence to be true. Credible evidence is not evidence which is necessarily true, but is evidence worthy of belief,—that is, worthy to be considered by the jury." The meaning we have given to the word "satisfactory" found in the instruction under consideration obviates appellant's objection even under the Illinois authority.

Appellant, while admitting that instruction No. 10 lays down a correct abstract principle of law, insists that it should not have been given for the reason that it is misleading, when applied to this case; that it allowed the jury to "determine in their own private discretion whether or not the defendant justly and equitably owed the plaintiff the sum of $500." The instruction reads as follows: "I instruct you that it is the law of this state that if one person receives or obtains the money of another under such circumstances as that it would be inequitable or unjust for the person so receiving said money to retain the same, then the person from whom said money was obtained may maintain an action against the person receiving such money for the re-

covery thereof and such money may be recovered in an action for money had and received." In view of the issues, theory pursued at the trial, evidence introduced, and other instructions given to the jury, no possible harm was done appellant by this instruction.

Lastly, as to the questions on the admission and refusal to admit certain evidence, it may be said that no error intervened in allowing the plaintiff to answer a question as to whether or not he received any consideration for the surrender of a stock of boots and shoes to the representative of defendant. The evidence refused referred to collateral matter, and the court's ruling in this respect was not erroneous.

No harmful error appearing, the judgment is affirmed.

NOTE.—Reported in 119 N. E. 209.