HULET ET AL. *v.* CRAWFORDSVILLE TRUST COMPANY

[No. 17,541. Filed December 6, 1946.]

 

*W. J. Sprow,* of Crawfordsville, for appellants.

*Harding & Harding,* of Crawfordsville, for appellee.

DRAPER, J.—The appellants, sole heirs at law of Walter F. Hulet, deceased, brought this action to construe and determine the validity of the trust provisions of his will; to have the same declared void; and to recover the trust property from the trustee.

The trustee's demurrer to the complaint was sustained, the appellants refused to plead further, judgment was rendered against them and they appeal.

We shall set out or summarize so much of the questioned provisions as seems necessary for a proper understanding of the case. The testator first wrote that he had spent his business life in the community and believed the property he had accumulated was in effect a loan which he should repay, and that he wished to leave his property in such a manner that it would benefit his neighbors and their posterity and serve as a memorial to his deceased wife and himself. He further stated he had made, or was making, gifts to all those in the family circle and to friends he wished to remember who had any reason to expect anything, in lieu of providing for them in his will.

In Item I he gave, devised and bequeathed all his property, real and personal, to the appellee to hold the same in trust (1) to pay his debts and expenses of administration, and (2):

"To administer all property remaining . . ., as a charitable and benevolent trust, and for charitable and benevolent purposes throughout the city of

Crawfordsville and Montgomery County, Indiana; always in the entire discretion and good judgment of my executor and trustee; the objects of such charitable and benevolent purposes to be limited only by the good judgment of my executor and trustee; except as I may herein otherwise indicate; and except as the laws relating to charitable and benevolent uses from time to time limit; — my intention being that the uses shall in general be for public benefit, including relief of worthy poor or distressed persons, for education, religion, and general charitable purposes; but the mention of such not to exclude such charitable and benevolent assistance as in the judgment of my executor and trustee may be worthy. . . . "

Item I (2b) reads as follows:

"To prevent my fiduciary from being annoyed and having its time unnecessarily taken and being pestered, whether with the investment of funds or contributions to charities and benevolences, the solicitation and even anything more than mere suggestion by any person, group or organization of a grant to such shall be a bar to my fiduciary contributing to any such."

Item II reads, insofar as is now important, as follows:

"I constitute The Crawfordsville Trust Company, of Crawfordsville, Indiana, . . . as trustee of the trust herein established. . . .

"I consider that a fair charge and allowance to my fiduciary for its services would be a minimum of $2000.00 per year; and I will it be paid that amount, to continue so long as the trust is maintained and operated. Should this amount not be available from earnings in any current year, the deficiency, if any, shall be cumulative and be made up as and when earnings are available in succeeding years. Provided, however, that if . . . my will . . . or the trust herein fail or be declared inoperative; or if extensive litigation ensue, . . .; nothing herein contained shall prohibit . . . the allowance of additional and reasonable charges for the services occasioned by any such litigation. . . ."

The other items are not necessary to a determination of this case. In general, they vest the trustee with a

broad discretion in the management of the trust and the investment of its property.

The testator's intention to devote to charitable and benevolent purposes all property remaining to him after making such gifts as he wished to make, and to ■ create a trust for that purpose, is clearly ap- parent. The charitable character of the trust being apparent, all doubts will be resolved in its favor. *Barr, trustee,* v. *Geary, Auditor* (1924), 82 Ind. App. 5, 142 N. E. 622.

But the appellants insist that the purposes for which the trust funds may be expended are so indefinite and uncertain, and the trustee has been given such unlimited and unbounded authority to select charitable purposes, that the trust is unenforcible. They also insist that the beneficiaries are insufficiently described; that the class is unlimited; no definite manner of their selection is pointed out in the instrument; and the trust is, there- fore, not enforcible even though power to select the beneficiaries is given to the trustee.

This is not a case where the trustee is empowered to dispose of trust property in any manner, to any person and for any purpose the trustee may select. If it were, no trust would be created. Restatement of Law of Trusts, Vol. I, § 125. As we read the instrument, the fund is directed to be devoted to charitable and bene- volent purposes throughout the city of Crawfordsville and Montgomery County. It is intended for the relief of worthy poor or distressed persons for educational, religious and general charitable purposes, and such other charitable and benevolent assistance to such persons as the trustee may deem to be worthy.

That the use of the fund is absolutely limited to charitable purposes seems not open to dispute. That

the testator, after creating a trust to a charitable use, and defining the intention of the trust, empowered the trustee to select some of the purposes of the charity, will not invalidate the trust. Restatement Law of Trusts, Vol. II, § 396; 10 Am. Jur., p. 656, § 101. The instrument does not, as contended by appellants, permit the trustee to use the funds for "public benefit" independent of charity and benevolence. It directs the use of the funds for such charitable and benevolent purposes as shall result in public benefit.

The beneficiaries are not designated by name or specifically pointed out, yet it does not seem to us that the class to be benefited is so indefinite as to invalidate the trust. The persons to be benefited are "worthy poor or distressed" persons. The members of that class are definitely ascertainable and are always with us. It would seem to us that the members of a class designated as "worthy poor or distressed persons" would be as capable of identification as "honest, virtuous, sick and financially helpless mothers," which class was held to be designated with sufficient certainty in *Barr, Trustee, v. Geary, Auditor, supra,* or "worthy persons who have no home and orphan boys," which designation was held to be sufficient in *The Board of Commissioners of Rush Co.* v. *Dinwiddie* (1894), 139 Ind. 128, 37 N. E. 795. That the trustee is given complete discretion in the selection of the beneficiaries from the class named will not invalidate the trust. *The Board of Commissioners of Rush Co.* v. *Dinwiddie, supra,* 10 Am. Jur., p. 607, § 31.

It is next admitted by the appellants that generally speaking a discretion may be given a trustee to select the beneficiaries provided they have been sufficiently designated, but they contend that Item I (2b) annuls the discretion given the trustee,

since that section makes it possible, they say, for a worthy applicant for assistance to innocently defeat the purpose of the trust by making more than a simple request for assistance for himself, or an outsider to intentionally defeat another worthy person, group or organization by any conduct amounting to more than the suggestion of a grant of assistance to the latter.

Under the plain terms of the provision in question, the conduct of any person, group or organization could only bar a contribution to themselves, and not to others. Nor can we concede appellants' contention that the provision completely destroys the discretion vested in the trustee. A literal enforcement of it would doubtless *limit* the discretion of the trustee, but it could not entirely destroy that discretion, for all the members of the class to be benefited could hardly eliminate themselves in that manner, and it would remain for the trustee to choose between those of the class remaining. Moreover, the words are clearly recommendatory. The provision is obviously intended as a shield, and not as a sword in the hands of the trustee. As we construe it, it does not absolutely forbid the trustee to grant assistance to any person, group or organization who does more than suggest such grant. It does, however, empower the trustee to refuse assistance to any person, group or organization who persists in their request to the extent that the trustee is subjected to unreasonable annoyance and needless waste of its time, and so construed it is not, in our opinion, subject to criticism.

The appellants, calling attention to the provisions of the instrument relating to the allowance of fees to the trustee, contend this is a private trust for the benefit of the trustee, and not a public or charitable trust, and that the rule against perpetuities, therefore, applies. What we have said indicates our

belief that this is a charitable trust, and it is well settled that the rule against perpetuities does not apply to a vested charitable trust. *Quinn* v. *Peoples Trust & Savings Co.* (1945), 223 Ind. 317, 60 N. E. (2d) 281.

The testator made it clear that he desired the trustee to receive a fair allowance for services rendered, and that he considered $2000 per year a fair minimum allowance under the conditions existing at that time. The trust will be administered under the direction of the court, whose duty it is to see that the conditions imposed by the testator are carried out *according to his purposes*. (Our emphasis) §§ 7-714, 7-715, Burns' 1933. Should it hereafter appear that an allowance to the trustee of $2000 per year, under changing conditions, is excessive or inadequate, the administering court will make such allowances as are fair and reasonable under all of the then existing circumstances.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 69 N. E. (2d) 823.