MESSNER ET AL. *v.* DEMOTTE ET AL.

[No. 17,761. Filed December 22, 1948. Rehearing denied February 1, 1949. Transfer denied May 25, 1949.]

On Petition for Rehearing. *Petition denied.*

*Mann & Stifler,* of Danville, Illinois; *Lee Whitehall,* of Attica, *Edward L. McCabe,* of Williamsport, and *Fansler, Fauvre, Young & Chambers,* of Indianapolis, for appellants.

*Cecil E. Haupt,* of Williamsport, for appellee.

Draper, J.—This action involves the right of the estate of Ollie Richcreek to receive a portion of a trust fund established by the Last Will and Testament of William C. Smith, a wealthy bachelor who died testate in 1911 in Warren County. The trial court held in favor of the estate.

Clause 43 of the will is the only one in which we are interested. It provides that nine of Smith's nieces and nephews, one of whom was Ollie Richcreek, should share the income from a trust fund during their lives, and at the death of any of them the portion of the fund from which that one had derived the income should go to his or her children, but in case any should die without children alive, then such share should vest in the other beneficiaries and be held in trust by the trustee as herein provided.

The clause reads as follows:*

"All the rest and residue of my estate, real and personal, after being converted into cash remaining after the execution of the foregoing provisions of this will, and the final settlement of my estate, I now devise and bequeath to my executor herein named, to be by him held in trust for the use and benefit of my nieces and nephews, named as follows: Mary J. Lewis, Ollie Richcreek, Ren Julian, William Julian, John Julian, Isaac Julian, Samuel D. Messner, Clark L. Messner, and Grace Darling Callahan, share and share alike. The said trustee shall invest said funds for the benefit of said named beneficiaries, and, from time to time, as the same matures, he shall pay the net income thereof to the respective beneficiaries so long as they shall each live, and, *at the death of any of said parties, the principal of the fund due such deceased shall be paid to the children of such deceased beneficiary, and in case any one shall die without children alive, then the share held for such one shall*

---

* All emphasis in this opinion is supplied by the court.

> vest in the other beneficiaries, to be held in trust by said trustee as here provided, excepting that on the death of the said Samuel D. Messner the portion of said fund held for him shall be by such trustee paid to his brother, Clark L. Messner, or, if he be then dead, to his children then surviving."

Ren Julian died in 1915 without wife or children or descendents of children and no question arose. In 1929 Charles V. McAdams, then trustee, filed a suit in the Warren Circuit Court making all present appellants (or those whom they represent) parties defendant, wherein he sought instructions concerning an action which had been instituted against him as such trustee for the recovery of an assessment growing out of the failure of a bank, some of the stock of which was among the assets of the trust, and in said complaint he also requested a construction of clause 43 of the will in the following particular:

> "Whether the title to the principal of the trust fund vested at the time of the death of the testator in the child or children of the initial beneficiary who were living at the time of the death of the testator, and whether the title to the principal of such fund vested in such child or children as may be born to the initial beneficiaries after the death of the testator and so vested in such child or children at the time of their respective births, or, will the principal of the trust fund vest only in such child or children of the initial beneficiaries named in the will who may be living at the time of the death respectively of such initial beneficiaries."

A part of the decree rendered pursuant to the hearing on that complaint or petition reads as follows:

> "That the principal of the trust fund, and the several shares thereof, created by said clause and as constituted by the court and now held by the plaintiff as such trustee, all as alleged in the com-

plaint, *did, at the death of said testator,* vest in such of the children respectively of the said Mary J. Lewis, Ollie Richcreek, Ren Julian, William Julian, John Julian, Isaac Julian, Clark L. Messner, and Grace Darling Callahan, as were then in being and in such children of said respective named parties as shall have been born to any of such named parties after the death of the testator and in such children of said respective named parties as may hereafter be born to any of such named parties and that the use and enjoyment of the principal of such fund by such children is by such clause postponed until the death of their respective named parents."

In 1933 Mary J. Lewis, one of the primary beneficiaries, died, and John M. DeMotte, successor trustee, filed a complaint or petition in the Warren Circuit Court, to which petition all primary and secondary beneficiaries of the trust created under clause 43 of said will, including all of the appellants in the present action and all others who could possibly have any interest in said trust, were made parties defendant. In that petition the trustee sought advice in connection with the fact that he was threatened with another suit because of the ownership of stock in another closed bank, and he therein also alleged the death of Mary J. Lewis and the fact that Mary J. Lewis had died leaving seven living children and a deceased son who left surviving him his widow and three children. He therein further alleged as follows:

"That your petitioner believes that the legal construction of said clause should be that upon the death of either of said initial beneficiaries, the interest so held should pass to the respective children of such deceased initial beneficiary, to be by the said children held as their own property forever, and that such clause should also receive a construction which will provide and decree that as to each of said initial beneficiaries they hold a life

estate only or a right to receive the profits thereof during their respective lives and *that the title to said respective shares, upon the death of the said testator, William C. Smith, vested in the children then living of each of said respective initial beneficaries and in such children as may thereafter have been born."*

And he further alleged:

"And all of the defendants are made parties hereto to answer and show cause, why said Clause 43 of said will should not be construed as herein prayed."

Following the hearing on that petition the court made findings which read in part as follows:

"The court further finds that the proper, legal and effective construction of said Clause 43 of said will, and the true intent, purpose and meaning of said clause is as follows:

"1. That the said Mary J. Lewis, Ollie Richcreek, Ren Julian, William Julian, John Julian, Isaac Julian, Grace Darling Callahan and Clark L. Messner, were to and did, at the death of the said testator, each take an estate and interest, share and share alike in said trust funds, each as primary or initial beneficiary of said trust fund, the interest and profits derived from said trust fund, to be by each of them, together with Samuel D. Messner, enjoyed during the terms of their natural lives, share and share alike; that at the death of said testator, there became vested in each of said initial or primary beneficiaries, the right to the use and benefit of one-ninth of the interest and profits accruing to said trust during the respective lives of each of said several initial beneficiaries, *and that one-ninth of said trust fund, at the death of said testator, vested in the then living children or children to be thereafter born to each of said initial beneficiaries,* . . .

"And the court further finds that at the death of the said testator, William C. Smith, the said Mary J. Lewis, then had, as her only living chil-

dren, the said Joseph E. Lewis, Jennie V. Brown, William C. Lewis, Della Smith, Mamie Schinner, Fred I. Lewis, Charlotte Calvert, and Guy Lewis, and that the said Mary J. Lewis did not have any children born to her after the death of said William C. Smith. And the court finds that upon the death of said testator, the said Mary J. Lewis took a beneficial interest in one-ninth of said trust fund to be held during her life, and that upon the death of said Ren Julian, the beneficial interest of the said Mary J. Lewis, and her children, in said estate was increased from *on-ninth* to one-eighth, and that upon the death of the said Mary J. Lewis, *her living children and the descendants of the one that was dead,* became immediately entitled to the one-eighth of said trust fund. That since the death of the said testator, the said Guy Lewis, died intestate and left surviving him as his heirs at law, his widow, Flora Lewis, and his three children, Mary Lewis, Laurence Lewis and Evelyn Lewis Corman, *And that the said widow and children of the said Guy Lewis are now entitled to the interest in said trust fund, which the said Guy Lewis would have taken had he been now living. . . ."*

The decree reads in part as follows:

"It is therefore considered adjudged and decreed by the court that the said Mary J. Lewis, Ollie Richcreek, Ren Julian, William Julian, John Julian, Isaac Julian, Grace Darling Callahan, Clark L. Messner, and Samuel D. Messner, upon the death of the said William C. Smith, each became vested with the right to the interest, rents and profits of the one-ninth of the trust fund created by said Clause 43, during the term of their natural lives; that upon the death of the said Ren Julian, the interest of each of the said other initial beneficiaries in said trust fund became increased from one-ninth to one-eighth.

*"That upon the death of the said testator, William C. Smith, the one-ninth of said trust fund vested immediately in the children of each of said initial beneficiaries,* excepting as to the said Samuel D. Messner, which were then born and in being or which might thereafter be born; that the use or

enjoyment of said trust fund by the children of said initial beneficiaries, was and is postponed during the lifetime of each of the said respective initial beneficiaries. . . .

"It is further adjudged by the court that at the death of the said Mary J. *Lwis*, the undivided *on-eighth* of said trust fund immediately became payable to her said children *and the heirs of the said child hereinbefore found to be dead."*

When Smith died Ollie Richcreek, one of the primary beneficiaries, had one child who, because of circumstances not necessary to explain, was called Goldie Julian. Both Ollie and Goldie were living while the above mentioned actions were proceeding to a conclusion, and both were parties to the DeMotte judgment. Ollie Richcreek was a party to the McAdams judgment also. Goldie died intestate in 1934, leaving as her sole heir at law her mother, Ollie Richcreek. Ollie died intestate in 1942, leaving as her only heir her husband George Richcreek. Following the death of Ollie Richcreek this action was brought by John M. DeMotte, as administrator of the estate of Ollie Richcreek, against himself as trustee under clause 43 of the will, to recover that portion of the trust fund from which Ollie had received the income during her lifetime.

It is unnecessary to notice the manner in which the issues were joined. In its final form the case below resolved itself into one by DeMotte as administrator, against himself as trustee and against the appellants, to recover that interest on the theories that (1) he was so entitled because under the terms of clause 43, title to the share vested in Goldie Julian when Smith died and (2) the McAdams and DeMotte judgments above mentioned adjudicated the question in favor of the plaintiff (appellee administrator) and those judg-

ments are res judicata and entitle the plaintiff to recover.

A demurrer was sustained to the paragraph of complaint in which the first theory was asserted; no amended paragraph was filed; and so the question to be determined, raised in various ways, is whether the court erred in basing its finding in favor of the estate of Ollie Richcreek upon the McAdams and DeMotte judgments, or either of them.

The appellants are the living primary beneficiaries, and the administrators of the estates of those other than Ren Julian, Mary J. Lewis and Ollie Richcreek, who are deceased. Since some of the infirmities asserted against the McAdams judgment are not asserted against the DeMotte judgment, and since we believe the DeMotte judgment standing alone is decisive of the question presented, we do not discuss the McAdams judgment further.

An administering court has jurisdiction to supervise and control an express trust. *Newlin* v. *Newlin* (1944), 114 Ind. App. 574, 52 N. E. 2d 503; *Hulet* v. *Crawfordsville Trust Co.* (1946), 117 Ind. App. 125, 69 N. E. 2d 823. A trustee need not act at his peril. He may under appropriate circumstances apply to the court for advice and instructions, and obtain from the court a construction of the trust instrument. Such right he has both in equity and by enactment in this state. II *Scott on Trusts,* § 259; III Bogart, *Trusts & Trustees,* § 559; 65 C. J., § 540, p. 680; Acts of 1927, ch. 81; Burns' 1946 Replacement, § 3-1104.

The petition or complaint upon which the DeMotte judgment was based sought a construction of § 43 of the will, and each and every person who in any way had any interest in the trust created by it were parties thereto. The petition alleged and

the evidence disclosed that Mary Lewis, one of the primary beneficiaries, had died leaving surviving her seven living children, and that Guy Lewis, one of her children who was living at the time of William C. Smith's death, had died before Mary Lewis died, and that he left surviving him a widow and three children. The trustee was called upon to distribute that portion of the corpus from which Mary Lewis had received the income during her lifetime; and to do so, it was necessary to determine whether, under a proper construction of the instrument, the seven living children took all, or whether a one-eighth portion should go to the widow and children of Guy Lewis. The problem was neither theoretical nor contingent. If, upon the death of Smith, one-ninth of the trust fund vested immediately in the children of the initial beneficiaries who were then living or thereafter born, a share thereof vested in Guy Lewis and his widow and children were entitled thereto at his death. If, to be entitled to a portion, Guy Lewis must be living at the time of his mother's death, his widow and children would be entitled to nothing. The same situation later obtained with regard to Ollie Richcreek and her daughter Goldie Julian, who was also living at the time of Smith's death. Under the one construction a share would vest in Goldie Julian upon the death of the testator and it would pass at her death to her mother and sole heir, Ollie Richcreek. Under the other construction no portion would vest in Goldie Julian, and upon her death before her mother's death that share would go to augment the fund and eventually inure to the benefit of the others.

It is true that when the DeMotte petition was filed no primary beneficiary had died without surviving child or children, but the same problem of construction grew out of the fact that Guy Lewis died before

his mother Mary Lewis died. It is also true that those other than the children and grandchildren of Mary Lewis could take no part of the particular *money* involved in the Mary Lewis share. Mary Lewis having left living children, those others could take none of that share in any event. But they were nevertheless bound to be interested in the *construction of the will,* for that was sought by the petition; that was presented to the court for its determination; that they were called upon to take notice of and contest if they saw fit, for that determination would vitally affect their interest.

As a matter of pleading, some of those made parties to the DeMotte petition appeared and answered by way of admission; some by way of denial; some were defaulted; but all were challenged to the issue of the construction of the will. The court was authorized to determine the cause and construe the will upon the petition filed and upon the defaults taken and answers filed; and the defendants were bound by that determination though no issues were otherwise joined between them. In that proceeding each defendant was required to show his special and separate claims or interests against other defendants, if any he had or claimed. *Clark* v. *Allen* (1920), 189 Ind. 601, 123 N. E. 113.

We think the courts of the state are committed to the doctrine that "A decree construing the will and determining the rights of the parties to such proceeding, if rendered by a court of competent jurisdiction, is binding upon all parties to the suit to construe, until attacked directly by appeal or error." *Reynolds* v. *Lee* (1933), 97 Ind. App. 460, 186 N. E. 337. See also *Clark* v. *Allen, supra; Ebenezer's Old P. H.* v. *So. Bend Old P. H.* (1943), 113 Ind. App. 382, 48 N. E. 2d 851; *Ebenezer Old People's Home* v.

*Bernhard* (1935), 100 Ind. App. 636, 196 N. E. 129. Such seems to be the almost universal rule. See *Re. Estate of Greeneway, etc.* (1941), 236 Wis. 503, 295 N. W. 761, 136 A. L. R. 1174, with annotation at p. 1180 of 136 A. L. R., entitled "Rule of res judicata as applied to judicial construction of will."

We express no opinion relative to the McAdams judgment. We think the DeMotte judgment is res judicata. The judgment is, therefore, affirmed.

NOTE.—Reported in 82 N. E. 2d 900.

## ON PETITION FOR REHEARING

DRAPER, J.—In their petition for rehearing the appellants insist the DeMotte petition involved only the question of the distribution of the Lewis share, and that the parties were not therein challenged to a construction of the will.

The DeMotte petition was broader than that. It alleged that certain children who were born to Isaac N. Julian, one of the primary beneficiaries, which children were living at the time of Smith's death, had later died leaving surviving their brother Elbert Julian, their mother Daisy D. Julian, and their father Isaac N. Julian, and the petition further alleges that Elbert Julian and Daisy D. Julian were claiming an interest in the trust fund. They could have no interest except by inheritance from the deceased child.

The petition further alleged that John Julian, one of the primary beneficiaries, was the father of certain living children, and also the father of certain children who had died after Smith died, and it further alleged that John Julian and Fanny Julian, his wife, *were contending and claiming* that upon the death of three of their children who had died, a part of the share

which such children held in the trust fund vested in the said John and Fanny Julian as the surviving parents of said deceased children, and it alleged that the said John and Fanny Julian were made parties to show cause, if any, why Clause 43 of the will should not be construed as therein prayed.

As stated in our original opinion, the trustee alleged what he believed the proper construction of the clause to be; alleged that all defendants were made parties to show cause why the clause should not be construed as therein prayed; and the last sentence of the prayer in the DeMotte petition reads as follows:

". . . Your petitioner has made party defendants to this petition each of the living beneficiaries of said Will and also all of the children and heirs of the said Mary J. Lewis, and asks that they each be notified of the filing and pendency of this petition and be required to appear and show cause why the relief herein prayed should not be granted."

It thus appears the court was not called upon to determine merely the ultimate beneficiaries of that portion of the trust res from which Mary J. Lewis received the income during her lifetime, for it further appears that certain primary beneficiaries were claiming the ownership of a portion of the trust res because certain of their children had died after the death of the testator. We think a construction of Clause 43 was essential and necessary. The appellants seem to take the position that the court could not be called upon to construe the clause until a life beneficiary who had a child or children living at the time of Smith's death had died leaving *no children* alive. This position strikes us as being too narrow. The same legal question was present in either situation. Under the circumstances a construction of

Clause 43 of the will was an important and pressing question at the time the DeMotte petition was filed, and the construction made at that time was properly and necessarily broad enough to insure uniformity of administrative procedures.

Nor do we think the defendants who were defaulted in the DeMotte case can justly complain that Burns' 1946 Replacement, § 2-1057 was violated in that the relief granted exceeded the relief demanded. We know of no reason why a trustee's petition for instructions can not properly embrace more than one subject. The parties could hardly avoid knowing that a construction of the clause was involved in the case. It must have been apparent to them that a construction of Clause 43 could not be had without determining the rights of all primary beneficiaries whose child or children had died after the testator died. A construction of Clause 43 was demanded by the petition and the court did not exceed the relief demanded when it construed that clause.

The appellants complain of our failure to determine whether the McAdams judgment was also res judicata. We think it was but we also think a discussion of it would unduly extend this opinion. A determination of the sufficiency of the DeMotte judgment settles the rights of these parties in this litigation, and we need go no further.

Petition for rehearing denied.

NOTE.—Petition for rehearing reported in 83 N. E. 2d 798.