In the Matter of the Revocable Inter Vivos TRUST OF Freda LOEB, et al.

In the Matter of the Revocable Inter Vivos TRUST OF Henry LOEB, et al, Appellants,

v.

Pearl L. WOLL, et al, Appellees.

No. 1–485A108.

Court of Appeals of Indiana, First District.

April 29, 1986.

Rehearing Denied June 4, 1986.

---

Jeffrey R. Kinney, Bamberger, Foreman, Oswald, & Hahn, Evansville, for appellants.

F. Wesley Bowers, David E. Gray, Bowers, Harrison, Kent & Miller, Evansville, for appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant, Herman L. Loeb, appeals an adverse judgment from the Vanderburgh Superior Court ordering in part appellant, as sole trustee of the Freda Loeb Trust for Herman L. Loeb, to pay the trust's allocable share of certain oil interest operating costs, and also to pay the trust's allocable share of trust supervision costs and fees incurred by Pearl L. Woll.

We affirm.

## STATEMENT OF THE FACTS

On October 26, 1967, the Intervivos Revocable Trust of Freda Loeb (Main Trust) was executed by Freda Loeb (Freda), as grantor and co-trustee, and by Herman L. Loeb (Herman) and Pearl L. Woll (Pearl), as co-trustees. Herman, Pearl and Samuel Z. Loeb were named as beneficiaries. The Main Trust provided that upon Freda's death its assets would be divided into three separate trusts: the Freda Loeb Trust for Herman L. Loeb (Herman's Trust); the Freda Loeb Trust for Pearl L. Woll (Pearl's Trust); and the Freda Loeb Trust for Samuel Z. Loeb (Samuel's Trust). However, upon Freda's death no such division occurred. Instead, the Main Trust remained as a single trust with accumulated income being distributed proportionately to the beneficiaries. Several years after Freda's death Herman filed a petition with the Vanderburgh Superior Court requesting said court to order a division of the Main Trust. The parties filed an "Agreed Entry" which provided in part: (1) that one-third of the assets of the Main Trust would be physically separated and title thereto placed in Herman's Trust; (2) that one-third of the assets of the Main Trust would be physically separated and title thereto placed in Pearl's Trust; (3) that Herman's Trust be administered jointly by Herman and Pearl; (4) that impasses regarding the administration of Herman's trust would be arbitrated by an Indianapolis bank; and (5) that Albert A. Woll, Pearl's husband, and Smith Operating Co. would continue to operate the oil interests owned by all the trusts. The Agreed Entry was reduced to an order of the court.

Despite the dictates of the Agreed Entry Order, the division of the Main Trust was slow in coming. On May 15, 1984, Herman filed a Petition for Rule to Show Cause due to Pearl's failure to complete documents necessary to effectuate the division. In response, Pearl filed a like petition asserting that Herman was refusing to sign checks to compensate Albert for his services rendered in operating the Main Trust's oil interests. Both Herman and Pearl were ordered to appear on June 7, 1984, to show

cause why they should not be held in contempt for their respective failures to comply with the Agreed Entry Order. Proceedings were held on November 26 and 27, 1984, at which all interested parties appeared and testified. Those proceedings resulted in a judgment containing, in pertinent part, the following orders:

(1) Herman and Pearl are not to be found in contempt of court for failing to comply with the Agreed Entry Order;

(2) Herman is to be removed as co-trustee of Pearl's Trust;

(3) Pearl is to be removed as co-trustee of Herman's Trust;

(4) Herman and Pearl are to take whatever steps are necessary to divide the Main Trust;

(5) Herman and Pearl, in their capacities as co-trustees, are to pay Pearl $3,600.00 in payment for her trust supervision services;

(6) Herman and Pearl, in their capacities as co-trustees, are to pay $4,500.00 to Herman and Pearl as reimbursement for attorney fees incurred by them in connection with the dispute.

(7) Herman and Pearl, in their capacities as co-trustees, are to vote the working interests owned by the trusts in certain oil leases in favor of Woll Enterprises, Inc., as operator; and

(8) Herman and Pearl, in their capacities as co-trustees, are required to pay Albert and Woll Enterprises, Inc. $82,498.42 for services rendered over a certain 16-month period, plus an amount to be determined for similar services rendered over a certain two month period.

From this judgment Herman appeals.

## ISSUES

Herman asserts that the Vanderburgh Superior Court, sitting as a probate court, committed the following errors:

I. Ordering payment of a third-party claim.

II. Determining that Woll Enterprises, Inc. should be the operator of the oil interests owned by the trusts.

III. Allowing Pearl compensation for trust supervision.

## DISCUSSION AND DECISION

■ Our standard of review governed by Ind. Rules of Procedure, Trial Rule 52(A), which provides in pertinent part as follows: "On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

We will not reverse a trial court's findings unless the evidence is uncontradicted and fails to support even a reasonable inference in favor of the findings. 3 W. HARVEY, INDIANA PRACTICE Rule 52(A) at 423 (1970); *see also Alfaro v. Stauffer Chemical Co.* (1977), 173 Ind.App. 89, 362 N.E.2d 500, *trans. denied.*

■ It is an elementary rule of appellate practice that the appellant bears the burden of demonstrating error. *Raymundo v. Hammond Clinic Association* (1983), Ind., 449 N.E.2d 276; *Black v. Daggy* (1859), 13 Ind. 383. We refuse to sift through the record attempting to locate trial court error so that we might state appellant's case for him. *See Selz Schwab & Co. v. Gullian* (1918), 187 Ind. 328, 119 N.E. 209.

Issue I. *Payment of Third-Party Claim.*

Herman first contends that the trial court erred in ordering him as co-trustee of the Main Trust to pay Albert and Woll Enterprises, Inc. for services rendered in operating the Main Trust's oil interests. He argues that the trial court, sitting as a probate court, lacked sufficient subject matter jurisdiction to enforce a claim against the Main Trust asserted by a party not a party to the cause of action. Herman relies primarily on IND.CODE 30-4-6-1 (placing jurisdiction over trusts with the probate courts); IND.CODE 33-5-43-4 (de-

scribing the jurisdiction of Vanderburgh Superior Court); *Wedmore v. State.* (1954), 233 Ind. 545, 122 N.E.2d 1; *Fidelity and Casualty Co. of New York v. State ex rel. Anderson* (1933), 98 Ind.App. 485, 184 N.E. 916 (holding that a probate court's jurisdiction is limited to that expressly conferred or which is necessarily implied from those expressly conferred); and *Husted v. Sweeney* (1943), 113 Ind.App. 418, 48 N.E.2d 1004 (holding that creditors of a trust beneficiary were prohibited from intervening in an action involving a dispute between the trustee and a beneficiary concerning distribution of the trust corpus).

Herman's contention that the trial court's payment order is the settlement of a third party claim is inappropriate. First of all, Herman made Albert a party to the action by naming him as a respondent in the Petition for Order Directing Establishment of Separate Trust Estates; Albert was no interloper. Second, Pearl's Petition for Rule to Show Cause was in part an attempt by Pearl to compel Herman to fulfill his duties as co-trustee, i.e. to sign trust account checks in order that properly incurred trust administration debts could be paid.

■ The Vanderburgh Superior Court is a court of general jurisdiction possessing unlimited criminal and civil jurisdiction as well as probate jurisdiction. IND.CODE 33–5–43–4. In Indiana, probate courts possess general equity powers. *Powell v. North* (1859), 3 Ind. 392. Those powers include the authority to supervise and control the administration of trusts. *See State ex rel. Anderson-Madison County Hospital Development Corp. v. Superior Court of Madison County* (1964), 245 Ind. 371, 199 N.E.2d 88; *Messner v. DeMotte* (1948), 119 Ind.App. 273, 82 N.E.2d 900, *trans. denied; Hulet v. Crawfordsville Trust Co.* (1946), 117 Ind.App. 125, 69 N.E.2d 823; *Newlin v. Newlin* (1944), 114 Ind.App. 574, 52 N.E.2d 503, *trans. denied.* The Indiana Trust Code does not pretend to limit the equity power of probate courts except as it specifically provides. *See* IND.CODE 30–4–3–30. In fact, IND.CODE 30–4–3–4(b) specifically empowers probate courts, upon petition, to break impasses between co-trustees.

■ Herman initiated the proceedings at issue. By petitioning for a division of the Main Trust's assets, he invoked the equity powers of the probate court. It is an age old maxim of equity that once having obtained jurisdiction, a court of equity:

"will, as a general rule, investigate and determine all questions in the one action incidental to the main controversy and grant all relief incidental to the accomplishment of the main objective of the complaint even though such incidental questions are questions of a legal nature."

12 I.L.E. *Equity* Sec. 4 at 271 (1959). This holds true even if an additional question in the case arises from a counterclaim sounding solely in law. *See Farmers Bank and Trust Co. v. Ross* (1980), Ind.App., 401 N.E.2d 74, *trans. denied.*

■ Pearl's Petition for Rule to Show Cause raised the question of Herman's failure to sign checks as co-trustee in order that Albert and Woll Enterprises, Inc. could be compensated for their services as operators of certain oil interests. This question is incidental to the primary issue concerning the division of the Main Trust's assets. The trial court, in attempting to properly execute the Main Trust, divided the Main Trust's assets into the three separate trusts and apportioned the Main Trust's debts to each of the three separate trusts. Ordering payment of the allocated debts was merely part and parcel of the court's power to administer and supervise the trust. Its subject matter jurisdiction to do so has already been established above. *See State ex rel. Anderson-Madison County Hospital Development Corp., supra; Messner, supra; Hulet, supra; Newlin, supra.*

Issue II. *Conflict of Interest and Self-Dealing.*

■ Herman next contends that by allowing Woll Enterprises, Inc. to operate

certain Main Trust oil interests, Pearl has violated the statutes prohibiting a trustee from engaging in conflicts of interest (IND.CODE 30–4–3–5) and self-dealing (IND.CODE 30–4–3–7).

In order for Pearl to have violated the conflict of interest prohibition of IND. CODE 30–4–3–5, the following must be shown: (1) that Pearl or an affiliate [1] of hers has an interest, either as an individual or as the trustee of some other trust, adverse to the Main Trust; and (2) that permission to allow her to exercise her trustee powers given the conflict of interest has not been given by the trial court. Assuming arguendo that Pearl or an affiliate of hers, i.e. Albert, has an interest adverse to the trust in allowing Woll Enterprises, Inc. to operate the disputed oil leases, that suspect relationship was approved by the court in the Agreed Entry Order.

The gravaman of Herman's conflict of interest claim is that since only Albert and Smith Operating Co. were court approved to operate the disputed leases, that since Woll Enterprises, Inc. now operates those interests, and that since Albert, an affiliate of Pearl's, has a financial interest in Woll Enterprises, Inc., Pearl is in violation of IND.CODE 30–4–3–5's conflict of interest prohibition. In the present case the suspect relationship between Pearl, via Albert as affiliate, and the operation of the disputed oil interests was approved by the trial court in the Agreed Entry Order. Merely because Albert has changed his official business status from sole proprietor-operator to substantial shareholder and/or executive operating officer of the particular corporation currently operating the disputed oil interests does not change the nature of the once suspect relationship between Pearl, via Albert as affiliate, and the Main Trust. That relationship was ap-proved by the trial court, and that approval continues even though Albert subsequently changed the organizational structure through which the disputed oil interests are operated.

In order to violate the self-dealing prohibition of IND.CODE 30–4–3–7, it must be shown that Pearl either: (1) loaned funds from the trust(s) to herself or to an affiliate; (2) purchased or participated in the purchase of trust property either for her own or an affiliate's account; (3) sold or participated in a sale of either her or an affiliate's property to the trust; or (4) transferred the property of one trust to another.[2] Herman fails to even suggest that Pearl loaned funds or purchased, sold or transferred property to or from the trust(s). Thus again, he has failed to prove error.

Issue III. *Allowing Fees for Trust Administration.*

Finally, Herman contends that the trial court erred in allowing Pearl $6,000.00 for her services rendered as co-trustee of the Main Trust. He argues that the fees charged were the result of Pearl's intentional breach of trust and therefore should be disallowed. His contention is somewhat confusing in that the trial court allowed Pearl $6,000.00 for attorney fees incurred in litigating the current dispute, and that $3,600.00 was allowed for Pearl's trust supervision and trustee's fees. Since it is uncertain as to which allowance Herman objects, we will apply his argument to both allowances and address the appropriateness of both.

▪ A trustee has an equitable right to reimbursement for all appropriate and reasonable costs incurred in the execution of the trust. *American Bonding Co. v. State*

---

1. For purposes of IND.CODE 30–4–3–5 "affiliate" is defined by IND.CODE 30–4–1–2(2) as follows:

 "Affiliate means a parent, descendant, spouse of a descendant, brother, sister, spouse of a brother or sister, employee, director, officer, partner, joint venturer, a corporation subject to common control with the trustee, a shareholder or corporation who controls the trust-ee or a corporation controlled by the trustee other than as a fiduciary."

2. Since Pearl is not a corporate trustee and since the terms of the Main Trust do not permit trustees to "deal" with the beneficiaries for the former's own account, we will not address subsections (a)(4) or (b).

*ex rel. Whisler* (1907), 40 Ind.App. 559, 82 N.E. 548; *Curran v. Abbott* (1895), 141 Ind. 492, 40 N.E. 1091. This includes properly incurred attorney fees. *See Curran, supra.* Herman argues however, that such fees should not be allowed where, as he alleges here, the trustee incurred those fees in bad faith and as a result of a breach of trust. He contends that Pearl demanded as a prerequisite to dividing the Main Trust that Herman not only allow Albert to operate the Main Trust's oil interests, but also that Herman give to Pearl a ring which Herman had inherited from Freda. This demand was supposedly made just after Herman filed his Petition for Order Directing Establishment of Separate Trust Assets.

The trial court was required to make a factual determination as to whether Pearl acted in bad faith and/or with contempt of the Agreed Entry Order. The court found that she had not. Herman asks us to reweigh the evidence. This we will not do. *Lessig v. State* (1986), Ind.App., 489 N.E.2d 978. The Record reveals that genuine disputes and technical difficulties existed regarding various Main Trust documents and accounts. In addition, evidence was presented indicating that throughout the dispute, Pearl was following in good faith what she perceived to be the intent of Freda, the grantor.

 Herman has the burden of proving that the trial court's finding was clearly erroneous. *Forth v. Forth* (1980), Ind. App., 409 N.E.2d 1107. Only when the evidence leads but to one conclusion and the trial judge has reached otherwise will this court disturb the decision below. *Fisel v. Yoder* (1974), 162 Ind.App., 565, 320 N.E.2d 783, *trans. denied.* The Record here contains sufficient evidence to support the trial court's finding that Pearl acted neither in bad faith nor with contempt of the Agreed Entry Order.

IND.CODE 30–4–5–17 addresses the allowance of trustee compensation when the trustee has breached the trust. It provides that given such a breach, the court, in its discretion, may deny the trustee all compensation, allow a reduced compensation, or allow full compensation. The statute also provides a nonexclusive list of facts which the trial court may consider in the exercise of its discretion. Among those listed is whether or not the trustee acted in good faith.

 Upon review, a trial court's action will be reversed for abuse of discretion only where there is shown to have been an erroneous conclusion, and a judgment flatly against the facts and any inferences to be drawn therefrom. *York v. York* (1985), Ind.App., 472 N.E.2d 1308, *trans. denied.* We shall affirm a trial court's discretionary action if there is any rationale basis for it. *Drexel Burnham Lambert, Inc. v. Merchants Investment Counseling, Inc.* (1983), Ind.App., 451 N.E.2d 346.

The trial court made a factual determination regarding whether or not Pearl acted in bad faith. As we just noted above, the Record contains sufficient evidence to support the court's conclusions that Pearl did not act in bad faith. Herman has not met his burden.

We find no error.

Judgment affirmed.

ROBERTSON, P.J., and YOUNG, P.J. (by designation), concur.