The Prudential Insurance Company, March 30th, 1926, issued a $10,000 policy upon the life of Clarence Lockward, payable to his wife. Under a right reserved to him in the policy Lockward changed the beneficiary, May 22d 1926, naming the Bloomfield Trust Company, of Bloomfield, New Jersey, as "beneficiary trustee." Lockward made his will June 7th, 1926, wherein, after directing the payment of debts, he gave his residuary estate to the Bloomfield Trust Company in trust for his widow for life, remainder to his three *Page 373 
infant children. He handed the policy and will to the trust officer of the trust company for safe keeping, without explanation. Upon Lockward's death, the Prudential paid the money into court, and the widow, the trust company and Roeber Kuebler Company, a creditor of the deceased, were decreed to interplead. Lockward left an estate of $8,000, and debts of $16,000.
Charles Mueller, treasurer of Roeber Kuebler Company, testified that early in May, 1926, Lockward told him he was going to protect his creditors by a $10,000 insurance policy, and three months later said he had done so.
The widow's contention is that the substitution of the trust company as trustee beneficiary, without more, did not work a change of beneficiaries, and that unless the attending circumstances clearly manifest a declaration by the insured of the objects of the trust or definitely reveal the cestuis, the trust is imperfect and she is not divested of her rights under the policy, and quotes from Story Eq. Jur. § 979a:
"If * * * a trust be clearly created in a party, but the terms by which it is created are so vague and indefinite that courts of equity cannot clearly ascertain either its objects or the persons who are to take, then the trust will be held entirely to fail."
With this proposition of law there is no disagreement. The trust fails, not the trustee's title. The power reserved to the insured was effectively exercised in favor of the trustee. That the trust was not declared is no concern of the wife. The designation of the wife as beneficiary was revoked and her rights in the policy were lost to her when the insured exercised the power and by the prescribed method made it payable to the trust company as trustee. The transfer was complete and the wife's interest at an end and the right of beneficiary passed to the trustee though the trust upon which the trust company held was deficient. Upon an imperfect trust the law raises a resulting trust. Lew. Trusts (11th ed.) 164. To the use of the donee of the power. Ibid. 169 and cases cited. Unless the fund is otherwise disposed of by the settlor, upon default of appointment. Ibid. 173. *Page 374 
The trust company contends that the joint deposit of the policy and the will and the reading of them in the light of each other discloses for whose benefit the trust fund was to be held. The delivery of the policy and the will into the care of the trust officer without even a hint that they were interrelated indicates that his services were purely custodial. That the trust company was named trustee in the policy and trustee in the will does not correlate the trusts. And upon a perusal of the two documents it is at once apparent that the respective trusts have neither common purpose nor common subject. The policy is silent as to the beneficial use and the will makes no mention of the policy. The fund held in trust under the will is confined to the testator's residuary estate; the policy is not part of the estate. The contract of the insurance company was to pay to the designated beneficiary. The insured had only power to select and appoint the beneficiary. Anderson v. Broad Street National Bank, 90 N.J. Eq. 78.
The testamentary trust furnishes no index to the undeclared trust of the policy nor does the will operate as a testamentary disposition of the policy. Farnum v. PennsylvaniaCo., 87 N.J. Eq. 108; Mayer v. Tucker, 102 N.J. Eq. 524. The trusts are exclusive, each of the other. Together they do not declare the trust.
It is unnecessary to pass upon the effect of the statements made by the insured to Mr. Mueller other than to remark that they indicate the insured's intentions and his belief that he had put them into effect, when he had not in fact. The insured was engaged in business and no doubt thought himself solvent and merely sought to doubly insure the payment of his debts by making the policy payable to the institution which he then had in mind should handle his estate. The statements were not promissory and were not so regarded by the creditor, and of themselves, and coincident with the change of beneficiary and making of the will, do not reach the dignity of a declaration of the trust created by the change of beneficiary.
The fund will be ordered paid to the executor of the insured. *Page 375