ARTHUR G. KNOWLES, *Admr. vs.* METROPOLITAN LIFE INSURANCE COMPANY *et al.*

MARCH 3, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to reach the proceeds of a life insurance policy, charge them with a trust and enforce the terms of that trust. To this bill the respondent insurance company filed an answer and a cross bill in the nature of a bill of interpleader.

Respondents James H. Barney, Jr. and Nathalie H. Brown demurred to the bill as originally filed. The demurrer was sustained and the complainant was given leave to file an amended bill. An amended bill was filed which differed but slightly from the original bill, except that it contained an allegation in the tenth paragraph thereof that the respondent James H. Barney, Jr., was insolvent and incompetent to manage the alleged trust.

The respondents filed a general and special demurrer to this amended bill, assigning several grounds therefor. The only one which needs mention here is the third ground, which is as follows: "The amended bill of complaint does not state a case to entitle complainant to any relief in equity." On this ground, after a hearing on the demurrer, the justice of the superior court ordered entry of a final decree dismissing the bill. From this decree, the complainant has appealed to this court.

The amended bill of complaint alleged that the Metropolitan Life Insurance Company issued a life insurance policy to Jessie E. Knowles on March 23, 1929, in which said company agreed to pay the sum of three thousand dollars to Jennie E. Knowles, the mother of the insured, upon due proof of death of the insured; that said Jessie E. Knowles on September 24, 1935 changed said beneficiary to the respondent "James H. Barney, Jr., Trustee"; that the said Jessie E. Knowles on October 14, 1935 executed a certain instrument in writing purporting to be an indenture of trust by which she appointed said James H. Barney, Jr. trustee to receive and hold title to all her personal property on cer-

tain conditions; and that the said James H. Barney, Jr. was named as beneficiary in said insurance policy *in his capacity as trustee for the uses, purposes and trusts set forth in the aforesaid trust instrument.*

The bill further alleges that Jessie E. Knowles died November 5, 1935, leaving a last will and testament bearing date of February 5, 1920, wherein she left all her property to her mother, Jennie E. Knowles, and named said Jennie E. Knowles her executrix; that the named executrix declined to act and that the probate court of Jamestown appointed the complainant, Arthur G. Knowles administrator *c.t.a.;* that due proof of death of Jessie E. Knowles has been received by the Metropolitan Life Insurance Company but that said company has neglected to pay the proceeds of said policy because of the circumstances alleged in the bill; that the complainant has qualified as administrator as aforesaid; that as a beneficiary of said trust, said administrator is entitled to have all the debts of said Jessie E. Knowles paid out of the proceeds of said policy; that said James H. Barney, Jr. is insolvent and has been unable successfully to manage his own affairs; that he is incompetent to safely manage said trust; and that when said Jessie E. Knowles executed said deed of trust she believed it was valid but that it was ineffective.

The bill also alleges that Jennie E. Knowles died on January 24, 1936, leaving a last will and testament and that the complainant was named executor thereof and has qualified.

On the strength of these allegations the complainant prays that, among other things, the court declare the said James H. Barney, Jr., as trustee under said insurance policy, *is trustee for the purposes set forth in said instrument dated October 14, 1935 and signed by Jessie E. Knowles;* that the proceeds of the insurance policy be ordered paid over to the complainant for the purpose of paying the debts of said Jessie E. Knowles *as set forth in said instrument in writing*

*dated October 14, 1935*; or, if the court shall not so order, that it appoint a new trustee to administer said trust, or that it order said James H. Barney, Jr. before receiving the proceeds of said policy to give bond with surety for the faithful performance of said trust *in accordance with the terms of said instrument dated October 14, 1935 and signed by Jessie E. Knowles.*

The bill concludes with a prayer for general relief.

The respondents make the contention here, as they did in the superior court, that the bill does not state a case entitling the complainant to relief in equity. They argue that the trust indenture of October 14, 1935, which is referred to in the allegations in the amended bill and in the prayer for relief, which latter references we have italicized above, cannot be used as the sole basis of a trust to include the proceeds of the insurance policy, because the indenture is invalid.

It is admitted by the complainant in his bill that this indenture is invalid as a testamentary trust, but he seeks to use it to explain the purpose for which James H. Barney, Jr. is described as trustee in the designation of him as beneficiary under the policy. We are of the opinion, after careful consideration, that this cannot be done.

There can be no question that the indenture of October 14, 1935 was an attempt by the owner to make a disposition of her property after her death without passing a present interest to the trustee. Being testamentary, it was necessary that it be executed in accordance with the requirements of the statute of wills. This was not done as only one witness appears on the instrument. The intended trust was therefore invalid. 1 Restatement of Law of Trusts, § 56.

The trial justice found that inasmuch as the indenture was invalid to create the testamentary trust set out therein, it was therefore incapable of being used in the bill as the sole basis of identifying the trust for which James H.

Barney, Jr. was described as trustee in the policy. To allow it to be so used, he said, would by indirection give validity to that which the statute expressly declares invalid. We are in agreement with this view.

The complainant contends, however, that under the allegations of his amended bill he shows sufficient grounds entitling him to relief in equity aside from the allegations referred to and upon which he has wholly relied to support his claim that the insurance trust is as set out in the invalid trust indenture.

He argues, in substance, that his bill shows an insurance trust, with James H. Barney, Jr., as trustee, and that if the trust failed for want of enforcible terms and of beneficiaries who could enforce it, he is entitled to the insurance proceeds under a resulting trust, as the successor in title of the creator of the trust. In support of this argument, he cites *Prudential Ins. Co.* v. *Bloomfield Trust Co.*, 104 N. J. Eq. 372, 145 A. 735; 2 Bogert on Trusts, 767, § 236. As such successor in the instant case, that is as the administrator *c.t.a.* of the estate of Jessie E. Knowles, he contends that he is a proper party complainant to show his interest in said proceeds and his right to relief under his amended bill of complaint.

There is force in this argument, but the complainant is not entitled to urge it under the bill of complaint which he has framed. As we read the complainant's amended bill, it appears to us to be dependent wholly upon the allegation of trusts contained in the invalid indenture, and nowhere does it appear that the complainant in his bill has alleged facts that would support a resulting trust in the proceeds of the insurance policy for the benefit of the successor of Jessie E. Knowles, as he now argues in his brief.

As, on respondents' demurrer, the complainant must stand or fall on the allegations of fact in his bill, the trial justice did not err in sustaining respondents' demurrer.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sheffield & Harvey, J. Russell Haire,* for complainant.

*Cornelius C. Moore, Arthur J. Sullivan, Charles H. Drummey,* for respondents.