135 Ind. App. 647 (1964)
195 N.E.2d 862
PAVY ET AL.
v.
PEOPLES BANK AND TRUST COMPANY, ADMINISTRATOR ETC., ET AL.
No. 19,773.
Court of Appeals of Indiana.
Filed February 4, 1964.
Rehearing denied March 2, 1964.
*648 Gustav H. Dongus, Henry J. Elias, and Fansler, Fauvre, Dongus & Gemmer, of counsel, of Indianapolis, for appellants.
Harold E. Hutson, Roy Zapf and William T. Sharp, all of Indianapolis, for appellees.
COOPER, J.
This matter comes to us from the Probate Court of Marion County, wherein the appellee, Peoples Bank and Trust Company, as Executor of the Will of John G. Pavy, deceased, and also as Trustee under said Will, filed a petition with said Court requesting instructions from the Court as to the proper application of the proceeds of a certain life insurance policy in the amount of Fifty Thousand ($50,000.00) Dollars, paid to said appellee as Trustee and also as the beneficiary named in said policy.
*649 It appears from the record that after various proceedings, the trial court entered the following pertinent final order:
"Comes now the parties; Peoples Bank and Trust Company, Executor of the last will and testament of John G. Pavey, deceased and as trustee, Lucille E. Pavey, widow of said John G. Pavey, deceased, and Arnold A. Pavy, American Fletcher National Bank and Trust Company, Peoples Bank and Trust Company, Thomas and Alice Teller creditors of the estate of John G. Pavey, and the Court now finds:
"1. That on the 3rd day of February, 1961, the Peoples Bank and Trust Company, Executor of the last will and testament of John G. Pavey, and as Trustee, filed in this Court its petition seeking instructions as to the disposition of proceeds received from Empire Life and Accident Insurance Company, in the amount of Fifty Thousand ($50,000.00) dollars, which proceeds were payable under terms of a policy on the life of deceased, John G. Pavey, to Peoples Bank and Trust Company, as trustee; and that on March 7, 1961, a hearing was held on said petition for instructions.
"2. That on March 7, 1961, this Court ordered and ruled in the matter of said petition for instructions that the said proceeds received by the Peoples Bank and Trust Company, as Trustee, were not a part of the estate of John G. Pavey, deceased, but were to be held in trust by said Trustee.
"3. That on April 7, 1961, Arnold R. Pavy, a creditor in the estate of said John G. Pavey, deceased, filed in this Court his petition to vacate and set aside the previous order of this Court of March 7, 1961, for the reason that creditors of said estate had no notice of the filing of Executor's petition for instructions and the hearing held thereon; and that a summary hearing was held on April 25, 1961, on said petition of Arnold R. Pavy, creditor, and that at such summary hearing this Court ordered said petition set down for a formal hearing thereon upon due notice to all creditors.

*650 "4. That on June 14, 1961, on formal hearing held on said petition of Arnold Pavy, creditor, at which proof of notice to all creditors was filed by the executor, this Court vacated and set aside its order of March 7, 1961, and reset Executor's and Trustee's said petition for instructions for hearing on June 28, 1961; and that on June 28, 1961, a hearing was held on said petition for instructions, which said hearing was continued until July 11, 1961, and the June Term of Court was duly extended by the Court so that this matter might be heard and disposed of in term time; and that on July 11, 1961, this matter was finally heard and argued orally by counsel, concluded, and taken under advisement by this Court.
"5. That in the Court's previous order of March 7, 1961, said Peoples Bank and Trust Company, as Trustee, was allowed and authorized to pay out of the insurance proceeds a certain sum of creditors, Thomas and Alice Teller, as a charge against said trust for the care and maintenance of said widow.
"6. That at a time more than five (5) years before his death, John G. Pavey took out a policy of life insurance on his life, with Empire Life and Accident Insurance Company, in the amount of Fifty Thousand ($50,000.00) dollars naming and making his wife, Lucille E. Pavey, the beneficiary thereon.
"7. That he paid the premium due on said policy until his death, and that on the 26th day of April, 1960, three (3) days prior to making his last will and testament and seven (7) days prior to taking his own life, he changed or attempted to change the beneficiary of said policy to Peoples Bank and Trust Company, as Trustee.
"8. That on April 29, 1960, he executed his last will and testament leaving his entire estate to Peoples Bank and Trust Company, trustee, in trust for the benefit of his wife, Lucille E. Pavey for life and then to their four (4) children.
"9. That on the 5th day of May, 1960, said John G. Pavey, took his own life.
"10. That prior to the date on which said deceased attempted to so change the beneficiary of *651 said policy, his wife, Lucille E. Pavey had been committed to Larue Carter Hospital for treatment of a mental disorder and was released therefrom shortly prior to the execution of said change of benficiary and the last will and testament of said deceased.
"11. That upon taking his own life said deceased left a suicide note in which he stated that Peoples Bank and Trust Company would have control of all property and insurance money for the family.
"12. The Court further finds that said insurance was taken out by deceased for the benefit of his said wife and four (4) children.
"13. That due to the mental illness of his wife, said deceased intended when he changed or attempted to change said insurance beneficiary to protect his said wife and their children as evidenced by the statement contained in said `suicide note and testator's last will and testament' and that therefore the proceeds of said policy should be for the use and benefit of said wife and children in keeping with the terms of said policy and the last will and testament of deceased and the intent of testator.
"Upon the foregoing findings of fact the Court now enters its conclusions of law as follows:
"1. That the proceeds from said insurance policy should be received and held by said Peoples Bank and Trust Company as Trustee for the use and benefit of said wife and children, free and clear of all claims of creditors of the estate of John G. Pavey, deceased, in keeping with all the terms of said insurance policy, testator's last will and testament, and the obvious intent of the testator.
"2. That therefore, the previous order of the Court in this matter dated March 7, 1961, should stand and be reinstated as the order of this Court.
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the order of this Court heretofore entered on March 7, 1961, in this matter be, and now is reinstated and restated as the order, judgment and decree of this *652 Court in this matter, and that said Peoples Bank and Trust Company shall receive and hold said proceeds of fifty Thousand ($50,000.00) dollars from said insurance policy as trustee, in trust to be administered and carried out in accordance with the provisions of the said last will and testament of said John G. Pavey, deceased, and that the action of said Peoples Bank and Trust Company, as Trustee, in regards to these matters, including the payment of said sum of Six Thousand six Hundred ($6,600.00) dollars to said Tellers and their attorney fees, are all hereby confirmed, ratified and approved by the Court.
Thereafter, it appears that within the proper time, the appellants filed their motion for new trial, averring therein, in substance, that the decision of the trial court is not sustained by sufficient evidence and is contrary to law. The motion for new trial was overruled and the trial court's ruling on said motion is the error assigned in this appeal.
The facts in this cause are not conflicting as the record reveals that most all of the evidence was stipulated. A concise statement of the facts are as follows:
The decedent, John G. Pavey, died testate, a resident of Marion County on May 5, 1960, and Peoples Bank and Trust Company was appointed and qualified as administrator with the will annexed on May 20, 1960. The will was executed on April 29, 1960, or six days before his death by suicide. Item First of his will directs the payment of all his debts and funeral expenses. Item III of the will devises and bequeaths all of his property, real and personal, to Peoples Bank and Trust Company, as trustee, for the benefit of his wife and four children. The will makes no mention of any insurance moneys.
At the time of his death, the decedent was the owner of an insurance policy in the face amount of Fifty *653 Thousand ($50,000.00) Dollars issued by Empire Life and Accident Insurance Company on July 15, 1952, insuring the life of the decedent and under which he reserved the right to change the beneficiary. On April 26, 1960, or three days before he made his will, he changed the beneficiary from his wife, Lucille E. Pavey, to "Peoples State Bank and Trust Company of Indianapolis, Indiana, To be held in Trust by". The beneficiary was accordingly changed by the insurance company and after the insured's death, it issued its check for Fifty Thousand ($50,000.00) Dollars payable to Peoples Bank and Trust Company, Trustee.
The endorsement reads as follows:
"The undersigned hereby request Change of Beneficiary in accordance with the conditions set forth in the above numbered policy.
 "From Lucille E. Pavey, Wife,
 Name of Beneficiary, or Beneficiaries,
 Now Appearing on Policy
 "To Peoples State Bank & Trust Company
 of Indianapolis, Indiana To
 be held in Trust by"
A so-called suicide note (undated) in the decedent's handwriting was found on his person after his death. This note was addressed to his son-in-law, Jerry Johnson, and the decedent therein refers to a "Mr. Johnson" at Peoples Bank and that "He will have control of all the property and Insurance money for the family".
There was testimony that the decedent's wife had been committed in 1958 to Larue Carter Hospital for mental illness and released in the same year, and that the decedent did not feel that she was qualified to handle business affairs.
It was stipulated that seventeen creditors had claims filed in the total amount of $51,377.99, and that there *654 was less than $1,000.00 of assets in the estate, excluding the insurance proceeds. The claim of appellant, Arnold R. Pavy, is in the sum of $35,627.33 for money loaned the decedent, and that of American Fletcher National Bank and Trust Company in the sum of $1,043.44.
The evidence discloses that the decedent and his wife owned as tenants by the entirety property leased to Stop and Shop at a rental of $750.00, which after mortgage payments, netted the widow $140.00 monthly. The joint business property with the wife was estimated to be worth between $90,000.00 to $100,000.00 subject to a mortgage of $55,000.00, leaving an equity for the widow of around $40,000.00. Two homes also were in joint title but there was little equity over the mortgages.
The sole question before us is, was a valid trust created by the decedent when he changed the beneficiary in his life insurance policy from his wife to the Peoples Bank and Trust Company? It appears from the record that the deceased did not talk to the Peoples Bank and Trust Company before, at the time or after he made the change of beneficiary. In fact, the bank did not know that it had been named the Trustee until after the death of the insured, John G. Pavey. Also, no terms of trust were stated in the insurance policy or in the instrument changing the beneficiary. No terms of trust were discussed between the deceased and the bank, as there was no talk between them about the purported trust. The subject was never mentioned.
Parol inter vivos trust may be created, but, in order to create such a trust, there are certain essential elements that must exist, the same as in a written express trust, to satisfy the law. They are: the purpose of the trust, the subject matter of property *655 impressed with the trust, the objects or the beneficiaries thereof, and the manner in which the trust is to be performed, all of which must be declared if the trust is to be upheld. See, § 20, Vol. 28, p. 482, I.L.E. These requirements must be met with a measure of definiteness and certainty or there can be no valid parol trust. This is necessary in order that a court may be in position to enforce the execution of such trust. Any attempt to create an express trust, oral or written, that omits these essential elements automatically fails. In reviewing the authorities, we find that Wagner v. Clauson (1948) 399 Ill. 403, 411, 78 N.E.2d 203, is perhaps the leading case on this point and find the following pertinent statement at p. 207:
"`It is essential to the creation of a trust that the declaration must make reasonably certain its material terms, and that these terms include, first, the subject-matter or property embraced within the trust; second, the beneficiaries or persons in whose behalf the trust is created; third, the nature and quantity of the interests which they are to have; and, fourth, the manner in which the trust is to be performed. If any of these necessary elements is not described with certainty, no trust is created.' Marble v. Marble, 304 Ill. 229, 136 N.E. 589, 592; Orr v. Yates, 209 Ill. 222, 70 N.E. 731; Snyder v. Snyder, 280 Ill. 467, 117 N.E. 465."
By reason of what we have heretofore stated, we are of the opinion that the attempt by the decedent to create an express trust by simply changing the beneficiary in his insurance policy failed completely as it did not meet the legal requirements demanded by law.
It is an elementary rule of law that when a person attempts to create an express trust and fails for any *656 reason, a resulting trust arises in favor of such person (settlor) and if he be deceased, then in favor of his estate, and the trust property attempted to be impressed reverts to the settlor or his estate, as the case may be. See, Scott on Trust, Vol. 2, § 112, p. 806; Prudential Ins. Co. v. Bloomfield Trust Co. (1929) (N.J.), 145 Atl. 735.
It is apparent from the record that the trial court erroneously considered that the following three items created a trust and a designation of the beneficiaries, namely: (1) the change of beneficiary of the life insurance policy to Peoples Bank & Trust Company "to be held in trust by", (2) the will, which, it affirmatively appears, was executed three days later naming the same bank as testamentary trustee of the testator's residuary estate, and (3) the suicide note found upon the decedent's person at the time of his death. It affirmatively appears, however, that the will makes no mention of the life insurance policy nor does the change of beneficiary form given to Empire Life Insurance Company refer to the Peoples Bank and Trust Company as trustee under the will. Consequently, we are of the opinion, as stated in the case of Prudential Ins. Co. v. Bloomfield Trust Co., supra, that the insurance trust and the testamentary trust cannot be correlated.
In our opinion, a resulting trust arose by reason of the decedent's change of the beneficiary from his wife to the bank, as trustee, and the decedent's attempt to create an express inter vivos trust therefore failed. The equitable interest in the insurance policy funds lodged or reverted to the decedent payee since he was living at the time. Upon his death, however, it became a part of his residuary estate and devolved or passed on to the residuary beneficiaries, as *657 set out in § 7-123, Burns' 1953 Replacement, which reads as follows:
"When a person dies, his real and personal property, except homestead interests, passes to persons to whom it is devised by his last will, or in the absence of such disposition, to the persons who succeed to his estate as his heirs; but it shall be subject to the possession of the personal representative and to the election of the surviving spouse and shall be chargeable with the expenses of administering the estate, the payment of other claims and allowances to the widow and family, except as otherwise provided in this code."
The judgment is reversed and cause remanded with instructions to sustain appellants' motion for a new trial, set aside and vacate said judgment and/or order and for further proceedings not inconsistent herewith.
Carson, C.J., Clements, J.,[*] and Ryan, J., concur.
NOTE.  Reported in 195 N.E.2d 862.
NOTES
[*] While Judge Clements participated in the hearing of the oral argument and conference of the Judges above-named, he concurred in the result at the time of the conference, but did not participate in the adoption of this final opinion.