INDIANAPOLIS MACHINERY CO., INC., ALVIN L. COHEN, AS
ADMINISTRATOR OF THE ESTATE OF LOUIS J. BORINSTEIN,
DECEASED v. BOLLMAN ET AL. AS MEMBERS OF THE
INDIANAPOLIS MACHINERY CO., INC. PROFIT SHARING PLAN
AND TRUST AND PEOPLES BANK & TRUST COMPANY, AS
SUCCESSOR TRUSTEE AND ADMINISTRATOR OF INDIANAPOLIS
MACHINERY CO., INC., PROFIT SHARING PLAN AND
TRUST ET AL.
ALVIN L. COHEN, AS ADMINISTRATOR OF THE ESTATE OF
LOUIS J. BORINSTEIN, DECEASED; EDWIN E. LETZTER v.
INDIANAPOLIS MACHINERY CO., INC.

[No. 1-575A84. Filed May 17, 1976. Rehearing denied June 28, 1976.
Transfer denied September 14, 1976.]

*Donald A. Schabel, John R. Carr, Jr., Stephen A. Free, Buschmann, Carr & Schabel,* of counsel, of Indianapolis, *Ging, Free & Brand,* of counsel, of Greenfield, for appellant Indianapolis Machinery Co., Inc.; *Sidney Mishkin, John Wood, Bamberger, & Feibleman,* of counsel, of Indianapolis, for appellant Alvin L. Cohen; *Alan H. Lobley, Ice Miller Donadio & Ryan,* of Indianapolis, for appellant Edwin E. Letzter.

*Donald A. Schabel, John R. Carr, Jr., Stephen A. Free, Buschmann, Carr & Schabel,* of counsel, of Indianapolis, *Ging, Free & Brand,* of Greenfield, of counsel, for cross-defendant appellee Indianapolis Machinery Co. Inc., *Stephen M. Coons,* of Indianapolis, for appellee Peoples Bank & Trust Co., *Melville E. Watson,* of Greenfield, *William H. Krieg, Richard D. Wagner, Anthony W. Mommer, Krieg, DeVault, Alexander & Capehart,* of Indianapolis, for appellees.

ROBERTSON, C. J.—This appeal arises from the remand, upon a previous appeal, of a class action brought by plaintiffs-appellees, Bollman and McGraw, as members of the Company's profit-sharing plan and trust, for the purpose of reallocating to qualified members of the plan those trust funds improperly allocated to the accounts of the defendants-appellants, Borinstein and Letzter, whom the prior appeal determined ineligible for plan membership. The trial court ordered reallocation in favor of the members of the profit-sharing trust and denied recovery of the funds to the Company or Borinstein and Letzter.

The issue upon appeal is whether the judgment of the trial court is contrary to law. We reverse in part and affirm in part.

On December 1, 1952, the Company established a profit-sharing plan and a profit-sharing trust for the benefit of its employees. The provisions of the plan provided that all regular, full-time salaried employees over 23 years of age who had been with the company three or more years had the right to become members. The plan further provided that an employee could be extended beyond his normal retirement

date by the board of directors of the company, in extraordinary circumstances, and continue to enjoy the benefits of the plan. The Company initially funded the trust with $1000.00. The plan provided that the Company's contribution to the trust for each taxable year commencing after 1952 would be an amount equal to the lesser of 100% of the Company's annual net profit or 15% of the aggregate compensation of all plan members during the taxable year, the maximum amount deductible under the provisions of the Internal Revenue Code. Borinstein and Letzter were included as members of the plan from its inception, and contributions were made on their behalf. Additionally, on November 22, 1954, the board of directors of the Company unanimously adopted the following resolution:

"RESOLVED, that Louis J. Borinstein and Edwin E. Letzter, and each of them, be, and they hereby are, requested to remain in the employ of the company on a year-to-year basis until such time as such employment shall be terminated by mutual agreement between the corporation and each of them respectively, and that each of said employees so long as they shall so continue in the employ of the company shall continue to enjoy the benefits of the corporation's Profit Sharing Plan."

Borinstein and Letzter continued in the employ of the Company, and their salaries were included in the aggregate compensation used to determine the amount contributed by the Company for each year, except for two years when the Company's net profit precluded such contribution.

In January of 1967, after the profit sharing plan had been in existence for nearly fifteen years, the plaintiffs (Bollman and McGraw) members of the plan, brought a class action for the purpose of reallocating to other members of the plan trust funds alleged to have been improperly allocated to defendants Borinstein and Letzter. From a judgment for the defendants, the plaintiffs appealed. In our opinion reported in 150 Ind. App. 465, 276 N.E.2d 606, the Second Division of this Court reversed the trial court and ruled that Borinstein had

not been at any time a regular, full-time employee of the Company and that Letzter had not been properly extended as a member of the profit-sharing plan past the normal retirement date provided in the plan. The court held that neither qualified for plan membership, and that as a consequence there had been an improper allocation of funds to the accounts of the two men. The court, however, expressly declined to decide who would benefit by a reallocation of the trust funds or whether the Company would be entitled to a return of conrtibutions, but remanded the case to the trial court for a determination of those issues.

On November 28, 1969, after the original trial of the case, the Company amended its plan by changing the requirements for membership. As a result, the plan no longer requires that a member be a regular, full-time employee of the Company or that extraordinary circumstances exist for continuance of employment and membership beyond the normal retirement date. The trial court on remand found that Borinstein and Letzter were members of the amended plan from its effective date.

The funds which are at issue on appeal are those amounts allocated to the accounts of the two men when they were not properly members of the plan. Those amounts consist of the Company's contributions on behalf of Borinstein from the inception of the original plan to the effective date of the amended plan and those funds contributed by the company to the trust on behalf of Letzter from December, 1954, to the effective date of the amended plan, together with all earnings on those funds and forfeitures from terminated members.

Following remand, Cohen, as administrator of Borinstein's estate, was substituted as a defendant in place of the decedent, and Cohen and Letzter filed a cross-claim against the Company seeking judgments for the amounts formerly credited to their accounts in the trust, in the event the court determined that they were not entitled to receive distribution directly from the trust.

Upon petition of the plaintiffs, the court removed the trustees of the profit-sharing trust and the administrative committee of the plan and appointed Peoples' Bank and Trust Company as successor trustee and administrator. The successor trustee was ordered to docket the profit-sharing plan and trust in the circuit court. The Company filed its petition for an order requiring the successor trustee to account for and to pay over to the Company the aggregate amount by which the Company's annual contributions to the trust were increased by including in the calculation the compensation paid to Borinstein and Letzter during the years when they were not eligible to be members of the plan, together with the earnings of the trust upon those amounts.

All matters in issue, arising in the class action and trust docket, were consolidated for purposes of trial. The cause was tried to the court without a jury, and the court made findings of fact and conclusions of law and entered final judgment. The court ordered that the amounts improperly allocated to the accounts of Borinstein and Letzter be reallocated to other qualified members of the trust. The court ruled that neither the Company nor Borinstein and Letzter were entitled to any recovery from the trust and also denied Borinstein and Letzter recovery on their cross-claim against the Company.

The Company, Borinstein, and Letzter appealed from the judgment of the trial court, each contending that the judgment is contrary to law. On January 12, 1976, this court granted a motion to dismiss the appeal of Letzter.

The Company argues that by reason of the Appellate Court's holding that Borinstein and Letzter were not valid members of the profit-sharing plan, there has been a partial failure of the profit-sharing plan and trust with the result that the successor trustee holds upon a resulting trust in favor of the Company the total amounts contributed on behalf of Borinstein and Letzter.

The applicable rule of law is stated in *Pavy* v. *Peoples Bank & Trust Co.* (1964), 135 Ind. App. 647, 195 N.E.2d 862:

"It is an elementary rule of law that when a person attempts to create an express trust and fails for any reason, a resulting trust arises in favor of such person . . . and the trust property attempted to be impressed reverts to the settlor. . . ." 135 Ind. App. at 655-56.

The same rule is stated in Restatement of Trusts, 2d § 411 (1959), as follows:

"Where the owner of property gratuitously transfers it and properly manifests an intention that the transferee should hold the property in trust but the trust fails and transferee holds the trust estate upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust should arise or the intended trust fails for illegality."

Moreover, an express trust need not fail completely for a resulting trust to arise:

"*Where trust fails in part.* If property is transferred upon a trust which fails in part, a resulting trust arises as to the interest with respect to which the trust fails, unless the transferor properly manifested an intention that no resulting trust should arise. This is true whether the trust fails as to a fractional share of the trust property, or as to the whole of the trust property during or following a specified period of time." Restatement of Trusts, 2d § 411, comment h.

Since the Company's profit-sharing plan and trust failed as to Borinstein and Letzter, as determined by the prior appeal, the successor trustee holds the trust funds allocated to Borinstein and Letzter upon a resulting trust in favor of the Company, unless the Company, as settlor, has otherwise indicated what is to be done with those funds upon such partial failure.

The trial court found that the Company had indicated in the provisions of the plan that it was not to recover any of its contributions to the trust. Thus, the provisions of the profit-

sharing plan and trust must be examined to determine the intent of the company concerning the disposition of property upon the partial failure of the trust as occurred in the present case.

The plaintiffs argue that several provisions of the plan prevent a return of the contributions to the Company. They first point to Articles VI and VIII of the plan providing for the allocation of forfeitures.

> "5. Anything in this Plan to the contrary not withstanding, no part of any Employer contribution made for a year in which termination of employment of a Member occurs, or thereafter, shall be allocated to the account of such Member.
>
> 6. The amount of any forfeitures hereunder shall be prorated in accordance with Article VI, paragraph 6, among the other Member accounts."

> "5. On the basis of the valuation for each anniversary date, (or for any other date if the committee shall so decide) the Members' account shall be adjusted to reflect the effect of income received and accrued, realized and unrealized profits and losses, expenses, *forfeitures*, and all other transactions of the preceding period." (Emphasis supplied).

These provisions are not applicable to the factual situation involved in the present case. Under the terms of the plan, the amounts credited to an individual member are not fully vested until he has completed five full years of continuous service in the plan. If employment is severed prior to that time for reasons other than total and permanent disability, a portion of that member's interest in the plan is forfeited and that amount is reallocated among the remaining members of the plan.

Thus, amounts subject to forfeiture, under the terms of the plan, are the non-vested portion of allocations to employees who were legitimately in the plan but whose employment with the Company is terminated prior to complete vesting. The term "forfeitures" does not apply to amounts improperly contributed on behalf of ineligible individuals, amounts which were never properly in the trust fund.

The plaintiffs next argue that paragraph 1(b) of Article IV of the plan shows that the Company never intended to recover any excess contributions to the trust.

"No adjustment affecting such profit made subsequent to sixty days after the close of the current taxable year of the Employer and resulting from audit of the Employer's tax return or otherwise, shall change the amount of the contribution required to be made to the trust fund."

The plaintiffs argue that this provision precludes the finding of a resulting trust in favor of the Company for contributions made to the trust based upon the compensation of Borinstein and Letzter. Paragraph 1(b), however, is only applicable in those years when the Company's contribution was measured by 100% of its annual net profit and not by 15% of the aggregate compensation paid to members of the plan. Thus, the provision is not applicable to the present case.

The plaintiffs further point to Article X of the plan which provides in part:

"2. No change may be made in the Plan which shall vest in the Employer, directly or indirectly any interest, ownership, or control in any of the present or subsequent funds of the Trust or in any of the present or subsequent funds set aside for Members pursuant to the Plan.

3. No part of the funds of the Trust shall by reason of any amendment, be used for, or diverted to, purposes other than for the exclusive benefit of Members and their beneficiaries or for administration expenses of the Plan. Nor shall any amendment reduce any then vested interest of a Member."

These provisions clearly prohibit any amendments or changes to the plan which could allow the Company to acquire an interest in the funds of the trust. These provisions are inapplicable to the facts of the present case since no attempt was made to give the Company any of the trust funds through amendment or change of the profit-sharing plan.

Also cited is Article XIII of the plan which provides:

"It shall be impossible, under any conditions for any part of the corpus or income of the Trust to be used for, or

diverted to purposes other than for the exclusive benefit of the Employees or their beneficiaries. . . ."

The provisions of the plan clearly indicate that the Company never intended to make any contribution to the plan in excess of the maximum amount deductible for federal income tax purposes, i.e., 15% of the aggregate compensation paid or accrued to all members of the profit-sharing plan. The trial court determined that the compensation paid to Borinstein and Letzter was included in the aggregate compensation used to determine the amount of contributions made by the Company, resulting in excess contributions to the trust. No intention was manifested in the plan that the excessive part of the Company's contributions should ever become part of the trust fund or be subject to allocation under the plan.

Since the excessive contributions made by the Company never properly became part of the trust corpus, under the terms of the plan, the above provision does not prevent the return of those amounts to the Company.

The plaintiffs finally point to a provision in the amended plan, adopted by the Company after the original trial of the case, and assert that it prevents any recovery by the Company. Article V of the amended plan provides:

"6. No Recovery by Employer: In no event and under no circumstances shall any contribution to the plan and Trust by the Employer, nor any of the Trust Fund or the income therefrom, revert to or be repaid to the employer."

Since the excessive contributions were never properly part of the trust fund, this provision does not prevent the return of those excessive contributions.

The profit-sharing plan contains no provisions which would prevent the Company from recovering the excessive contributions to the trust. Further, the plan contains no provisions which create any rights on behalf of the members of the trust to those improperly contributed funds. The successor trustee

holds upon a resulting trust in favor of the Company the amounts by which the Company's annual contributions were increased by considering the compensation paid to Borinstein and Letzter during the years they were not eligible to be members of the plan, together with the earnings thereon.

Cohen, as administrator of Borinstein's estate, has argued that the estate should recover those amounts improperly allocated to Borinstein's account upon the theory of a constructive trust, but Indiana law has limited the imposition of a constructive trust to instances in which there is actual fraud or breach of duty arising from a confidential or fiduciary relationship. *Hunter* v. *Hunter* (1972), 152 Ind. App. 365, 283 N.E.2d 775. Such a factual situation is not present here. Moreover, Cohen's claim against the successor trustee is precluded by provisions of the original plan, such as Article V, Section 2, which provides:

> "The fact that allocation shall be made and credited to the account of a member shall not vest in such member any right, title or interest in and to any assets except at the time or times and upon the terms and conditions expressly set forth in this plan."

While the estate has no claim to funds held by the trust, Cohen has further argued that by reason of the board of directors' resolution of November 22, 1954, the estate is entitled to recover from the Company that amount to which Borinstein would have been entitled had he, in fact, been a qualified member of the trust.

The Company contends, and the trial court found, that certain provisions of the plan bar any recovery by Cohen from the Company. Those provisions are found in Article XIII:

> "1. The adoption and maintenance of the Plan shall not be deemed to constitute a contract between the Employer and any Employee or to be a consideration for, or an inducement or condition of, the employment of any person. . . ."

> "2. All benefits payable under the Plan shall be paid or provided solely from the trust, and the Employer assumes no liability or responsibility therefor."

The trial court erred in denying Cohen's claim against the Company upon the basis of those provisions for the claim was based upon the board's resolution not upon any provision of the plan. Whether Cohen is entitled to recover upon the resolution is a matter separate and distinct from any provision of the plan.

The evidence established the right of Cohen to recover upon the theory of an express unilateral contract. The resolution of the board of directors constituted an offer which was accepted by Borinstein when he continued in the employ of the Company. Cohen is entitled to recover from the Company that amount to which Borinstein would have been entitled had he continued to enjoy the benefits of the profit-sharing plan.

The Company argues that Cohen is barred from recovery by the six-year statute of limitations for contracts not in writing, IC 1971, 34-1-2-1 (Burns Code Ed.), but the statute does not begin to run until the cause of action has accrued, which in this case did not occur until the Appellate Court decision in 1971.

In conclusion, the Company is entitled to recover from the trust those amounts contributed on behalf of Borinstein and Letzter, plus the earnings thereon for the period they were ineligible for plan membership, and Cohen, as administrator of Borinstein's estate, is entitled to recover from the Company that amount to which Borinstein would have been entitled had he, in fact, been eligible for plan membership during those years.

Remanded to the trial court for further proceedings not inconsistent with this opinion.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 347 N.E.2d 518.