

FILED

Sep 03 2019, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Katherine Ridenour
Benjamin S.J. Williams
Shambaugh, Kast, Beck, & Williams,
LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE –
STEVEN E. POST

Karen T. Moses
Damian B. Gosheff
Faegre Baker Daniels, LLP
Fort Wayne, Indiana

Jeffrey L. Turner
Auburn, Indiana

ATTORNEYS FOR APPELLEE –
INDIANA ATTORNEY GENERAL

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cheryl Barron Doll, | September 3, 2019 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 19A-TR-715 |
| v. | Appeal from the DeKalb Superior Court |
| Steven E. Post, Trustee, and Indiana Attorney General, | The Honorable Monte L. Brown, Judge |
| *Appellees-Defendants.* | Trial Court Cause No. 17D02-1810-TR-4 |

**Najam, Judge.**

# Statement of the Case

[1] This appeal asks us to consider the validity of the following residuary clause in a revocable living trust:

> The Trustee shall hold, distribute and pay the remaining principal and undistributed income in perpetuity; subject, however, to limitations imposed by law.
>
> All the powers given by law and the provision[s] of the [T]rust may be exercised in the sole discretion of the Trustee without prior authority above or subsequent approval by any court.

Appellant's App. Vol. II at 15. We hold that that language does not identify a beneficiary with reasonable certainty, and, as such, it fails as a matter of law. Accordingly, we conclude that the residue of the trust—$4,600,000—is to be held by the trustee on behalf of the settlor's estate. As the settlor died without a will, the residue of the trust shall be distributed in accordance with the law of intestate succession.

# Facts and Procedural History

[2] On July 1, 2010, Ollie Waid, Jr. established a revocable living trust ("the Trust"), which he subsequently amended on several occasions prior to his death in 2018. The final version of the Trust provides as follows:

ARTICLE I

The Settlor[, Waid,] has delivered to the Trustee the property described in Schedule A, attached hereto . . . . That property and any other property that may be received by the Trustee from the Settlor as additions to this Trust shall be held and disposed of by the Trustee . . . on the terms stated in this Agreement. . . .

* * *

ARTICLE III

During the life of the Settlor, the qualified and acting Trustee shall pay all the net income of the Trust estate and such portions of the principal as the Settlor may from time to time direct to the Settlor.

Notwithstanding any other provisions of this Agreement, if at any time a qualified and acting Trustee determines in good faith that the Settlor, because of mental or physical incompetency, is unable to properly administer his affairs, the qualified and acting Trustee shall, within [his] sole discretion, use so much of the net income and any portions or all of the principal for the support, comfort, and welfare of the Settlor. . . .

ARTICLE IV

After the death of the Settlor, the Trustee shall administer the [T]rust individually and shall continue to hold title to all assets in the [T]rust until appropriate distribution can be lawfully made.

The Trustee may prepare or supervise the preparation of all tax returns that are due as a result of the Settlor's death. . . . After the appropriate tax returns are filed and the taxes paid, then the Trustee shall proceed to distribute the residuary trust estate as outlined in Article VII.

* * *

ARTICLE V

[The Trustee] shall have all powers enumerated under the
Indiana Code and[/]or State of Florida [sic] and any other power
that may be granted by law, to be exercised without the necessity
of Court approval, as the Trustee, in his sole discretion,
determines to be in the best interests of the beneficiaries. Said
powers are to be construed in the broadest possible manner . . . .

* * *

ARTICLE VII

Upon the death of the Settlor and upon receipt of final and
complete clearances showing payment in full and final
acceptance of all inheritance, estate, transfer or succession taxes,
the remainder of the [T]rust shall be held and disposed of as
follows:

Section 1. [Deleted.]

Section 2. I give, devise and bequeath to CHRISTINA
GAITAN DENGLER on the condition she survives me the sum
of Ten Thousand Dollars ($10,000.00).

Section 3. I give, devise and bequeath to MOLLY
MOCHAMER on the condition she survives me the sum of Ten
Thousand Dollars ($10,000.00).

Section 4.  I give, devise and bequeath to CHERYL BARRON DOLL on the condition she survives me the sum of Ten Thousand Dollars ($10,000.00).

* * *

Section 9.  I give, devise and bequeath to MASONIC LODGE #214, Auburn, Indiana, the sum of Ten Thousand Dollars ($10,000.00).

Section 10.  I give, devise and bequeath to SHRINERS HOSPITAL FOR CRIPPLED CHILDREN the sum of Ten Thousand Dollars ($10,000.00).

* * *[1]

**Residue of Trust Property**[2]

The Trustee shall hold, distribute and pay the remaining principal and undistributed income in perpetuity; subject, however, to limitations imposed by law.

All the powers given by law and the provision[s] of the [T]rust may be exercised in the sole discretion of the Trustee without prior authority above or subsequent approval by any court.

---

[1]  Sections 5 through 8 and 11 through 17 of Article VII also bequeathed gifts to specifically identified beneficiaries.

[2]  The residuary clause of the Trust appears to be within Article VIII, and Waid subsequently repealed Article VIII in its entirety.  *See* Appellant's App. Vol. II at 17.  However, the parties on appeal do not dispute that the residuary clause was in fact intended to be a freestanding, unrepealed provision of the Trust, and the trial court lamented that the Trust was poorly drafted.  Accordingly, we proceed in accordance with the parties' shared understanding that the residuary clause of the Trust remains in effect.

Appellant's App. Vol. II at 9-30.

[3]     Steven E. Post became the successor Trustee ("the Trustee") over the Trust and, following Waid's death, filed a petition to docket the trust with the trial court. In that petition, the Trustee stated as follows:

> 7.     The Trust makes provision for several specific distributions of cash to various individuals, which distributions have been made by the Trust, with the exception of the specific distribution of $10,000.00 to Christina Gaitan Dengler. The Trustee has been unable to locate this beneficiary and will continue to make reasonable efforts to do so.
>
> * * *
>
> 9.     The remaining balance of the Trust Estate consists of cash and investments that are readily convertible to cash[] in an approximate amount of $4,600,000.
>
> 10.     The remaining balance . . . is to be distributed pursuant to the residue clause . . . of the Trust Agreement . . . .
>
> 11.     The [Trustee] has reviewed the Trust Agreement and was told by [Waid's prior] attorney that [Waid] intended the Trust's residuary share [to] be distributed to or for the benefit of tax exempt charities strictly for charitable purposes, within the sole discretion of the Trustee.
>
> 12.     The [Trustee] requests docketing the Trust because there is a lack of specific direction on the face of the Trust Agreement as to the intended purpose of the residuary share of the Trust Estate. The [Trustee] seeks Court interpretation of the Trust and a

determination that the purpose of the [T]rust was solely charitable.

*Id.* at 7.

[4]    Thereafter, Doll moved to intervene. In her motion and accompanying memorandum, Doll asserted that the Trust's residuary clause failed as a matter of law because it did not identify a beneficiary with reasonable certainty. She further asserted that, without a reasonably certain residual beneficiary, the Trust's residue would pass to her at least in part through intestate succession. After a hearing, the trial court concluded that the residuary clause of the Trust was ambiguous; that extrinsic evidence, namely, various affidavits, established that Waid's intent in establishing the Trust was for the Trust to be a charitable trust as defined by Indiana law; and that, as a charitable trust, the residuary clause lawfully empowered the Trustee to distribute the residue to a charity or charities to be identified by the Trustee in the Trustee's sole discretion. The court thus concluded that no property could pass to Doll, and it denied her motion to intervene accordingly. This appeal ensued.

## Discussion and Decision

[5]    Doll appeals the trial court's denial of her motion to intervene. The dispositive issue in this appeal is whether the trial court erred when it interpreted the

residuary clause of the Trust.[3]  We review such issues *de novo*.  *Gittings v. Deal*, 109 N.E.3d 963, 970 (Ind. 2018).  As our Supreme Court has explained:

> Our primary purpose in construing a trust instrument is to ascertain and give effect to the settlor's intention.  We look at the trust as a whole and cannot take individual clauses out of context.  If the trust is capable of clear and unambiguous construction, we must give effect to the trust's clear meaning.  Finally, after interpreting the terms of the Trust, we must ensure that its application does not violate the Trust Code.

*Fulp v. Gilliland*, 998 N.E.2d 204, 207 (Ind. 2013) (citations and quotation marks omitted).

[6]     The Indiana Code provides that:

> (a)  A trust in either real or personal property is enforceable only if there is written evidence of the terms of the trust bearing the signature of the settlor or the settlor's authorized agent.

> (b)  Except as required in the applicable probate law for the execution of wills, no formal language is required to create a trust, but the terms of the trust must be sufficiently definite so that the trust property, the identity of the trustee, the nature of the trustee's interest, the identity of the beneficiary, the nature of

---

[3]  The Indiana Attorney General has also filed a brief in this appeal.  That brief states:

> The trust in this case has both charitable and non-charitable beneficiaries[] and is thus a split-interest trust, which is within the statutory definition of a trust for a benevolent public purpose.  Ind. Code § 30-4-1-2(2[4]).

> The Attorney General's role in this case concerns only the nature of the trust . . . .  The Attorney General does not take a position with respect to the validity of the residuary clause of the Waid Trust.

Ind. Attorney General's Br. at 4.  We thank the Attorney General for his submission of a brief.

the beneficiary's interest and the purpose of the trust may be ascertained with reasonable certainty.

\* \* \*

(e) A trust has a beneficiary if the beneficiary can be presently ascertained or ascertained in the future, subject to any applicable rule against perpetuities.

(f) A power of a trustee to select a beneficiary from an indefinite class is valid. . . .

Ind. Code § 30-4-2-1 (2019). Further:

"A trust beneficiary is the person named, or a member of the class designated, in the terms of the trust for whose benefit the title to the trust property is held and for whom the trust is to be administered." *See* Ind. Code §§ 30-2-14-2, 30-4-1-2(3); 28 ILE Trusts § 15 (1999). The designation of beneficiaries as a class may be sufficiently certain to uphold the trust. 28 ILE Trusts § 27 (1999). Moreover, that the trustee is given complete discretion in the selection of beneficiaries *from the class named* will not invalidate the trust. *Hulet v. Crawfordsville Trust Co.*, 117 Ind. App. 125, 69 N.E.2d 823, 825 (1946).

*Hays v. Harmon*, 809 N.E.2d 460, 468 (Ind. Ct. App. 2004) (emphasis added), *trans. denied*.

On appeal, Doll asserts that the residuary clause of the Trust, which is the only provision left for the Trustee to apply, unambiguously fails to identify a beneficiary with reasonable certainty. We agree. Again, the residuary clause states as follows:

> The Trustee shall hold, distribute and pay the remaining principal and undistributed income in perpetuity; subject, however, to limitations imposed by law.

> All the powers given by law and the provision[s] of the [T]rust may be exercised in the sole discretion of the Trustee without prior authority above or subsequent approval by any court.

Appellant's App. Vol. II at 15. The residuary clause does not confer unfettered authority on the Trustee to distribute the residue "in the sole discretion of the Trustee." Rather, the residuary clause is circumscribed by the "limitations imposed by law." And, here, the limitation imposed by our Trust Code is the requirement that a settlor identify a beneficiary with reasonable certainty.

[8] A trustee is the legal title holder of trust property. I.C. § 30-4-2-6. The beneficiaries are the equitable title holders. I.C. § 30-4-2-7. While the settlor need not identify a beneficiary with exact precision, the settlor must give the trustee the ability to determine an intended beneficiary. Specifically, Indiana Code Section 30-4-2-1(b) directs the settlor to identify a beneficiary with "reasonable certainty." Indiana Code Section 30-4-2-1(e) states that a beneficiary must be capable of being "ascertained." And Indiana Code Section 30-4-2-1(f) states that a trustee can select a beneficiary "from an indefinite class," which itself requires that the settlor first limit the trustee's discretion by identifying an indefinite class.

[9] Nothing close to such an identification even broadly exists here. The residuary clause instead simply directs the Trustee to do with the residue as he sees fit.

There is no reasonably certain, ascertainable, or even an indefinite class of beneficiary identified. There is no beneficiary at all. There is no equitable title holder for whom the Trustee can hold legal title.[4]

[10] Nonetheless, the Trustee asserts that we should disregard the unambiguous language of the residuary clause on the ground that the Trust is a charitable trust, which rationale the trial court found persuasive. But the Trustee is incorrect. A "charitable trust" under our Trust Code is defined as "a trust in which *all* the beneficiaries are the general public or organizations . . . operated wholly for religious, charitable, scientific, public safety testing, literary, or educational purposes." I.C. § 30-4-1-2(5) (emphasis added). The term expressly excludes trusts, such as Waid's, that are "of split-interest" with "at least one (1) noncharitable beneficiary." *Id.* Accordingly, the Trust is not a charitable trust.

[11] That said, the Trust is fairly labeled as a "[t]rust for a benevolent public purpose," which includes "a split-interest trust . . . that has both charitable and noncharitable beneficiaries." I.C. § 30-4-1-2(24). As a trust for a benevolent purpose, the cy pres doctrine might apply to the residue. The cy pres doctrine is an "equitable doctrine under which a court reforms a written instrument with a gift to charity as closely to the donor's intention as possible, so that the gift does

---

[4] In his brief on appeal, the Trustee asserts that *he* is the "ascertainable residuary beneficiary" under the Trust. Appellee's Br. at 10. We reject that assertion. Had Waid intended to have the residue of the Trust revert to the Trustee as his own property, the residuary clause would have more plainly stated as much.

not fail." Black's Law Dictionary 470 (10th ed. 2014). According to Indiana Code Section 30-4-3-27(a):

> If property is given to a trust for a benevolent public purpose and the property is to be applied to a *particular* charitable purpose, and it is or becomes impossible, impracticable, wasteful, or illegal to carry out the *particular* purpose, *and if the settlor manifested a more general intention to devote the property to charitable purposes*, the trust need not fail, but *the court may direct the application of the property to some charitable purpose which falls within the general charitable intention of the settlor*.

(Emphases added.)

[12] The cy pres doctrine does not apply to the residue of the Trust. Again, the residuary clause here lacks any requirement that the residue "is to be applied to a particular charitable purpose" and also lacks any manifestation that Waid had "a more general intention" to devote the residue to charitable purposes. *See id.* Accordingly, the residuary clause offers no basis from which the court "may direct the application of the [residue] to some charitable purpose which falls within the general charitable intention of the settlor." *See id.* Moreover, the benevolent public purposes for which the Trust exists have already been fulfilled by the distributions to the specifically named charities in Article VII of the Trust.

[13] Accordingly, while in an ordinary sense of the word the residuary clause may appear "ambiguous"—that is, uncertain—on its face, in fact it unambiguously fails to designate a beneficiary with reasonable certainty or a beneficiary

capable of being ascertained and thus fails as a matter of law. *See Pavy v. Peoples Bank & Trust Co.*, 135 Ind. App. 647, 655, 195 N.E.2d 862, 866 (1964) ("Any attempt to create an express trust . . . that omits these essential [statutory] elements automatically fails."). The trial court's denial of Doll's motion to intervene based on the court's interpretation of the residuary clause is reversed.

[14] We thus turn to the consequence of the failure of the residuary clause. Where, as here, the express terms of a trust are fully performed but there remains a residue and no valid residuary clause, a resulting trust is created by operation of law over the residue. *See Melloh v. Gladis*, 261 Ind. 647, 655, 309 N.E.2d 433, 438 (1974) (recognizing that "a resulting trust" arises "where an express trust fails in whole or in part" or "where an express trust is fully performed without exhausting the trust estate," among other circumstances). As our Supreme Court has made clear: "If there is no provision in the terms of the trust . . . as to who shall receive the trust property on the termination of the trust, the trustee will ordinarily hold the trust property upon a resulting trust for the settlor or his successors in interest." *Colbo v. Buyer*, 235 Ind. 518, 530, 134 N.E.2d 45, 51 (1956) (quotation marks omitted). Likewise, as we stated in *Pavy*:

> It is an elementary rule of law that[,] when a person attempts to create an express trust and fails to for any reason, a resulting trust arises in favor of [the settlor] and[,] if he be deceased, then in favor of his estate, and the trust property . . . reverts to the settlor or his estate, as the case may be.

195 N.E.2d at 867.

Accordingly, on remand the trial court is instructed to grant Doll's motion to intervene and to direct the Trustee to hold the residue of the Trust for Waid's estate. As Waid died intestate, the court is further instructed to direct the Trustee to distribute the residue to Waid's heirs at law pursuant to our intestate succession statutes. *See* I.C. §§ 29-1-2-0.1 to -15. In sum, the trial court's judgment denying Doll's motion to intervene based on the court's interpretation of the residuary clause is reversed, and we remand with instructions as stated in this opinion.

Reversed and remanded with instructions.

Bailey, J., and May, J., concur.